## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UCB, INC. and UCB BIOPHARMA SRL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:20-cv-00987 (CFC) |
| | ) | |
| ANNORA PHARMA PRIVATE LIMITED, | ) | |
| APOTEX INC., APOTEX CORP., | ) | |
| AUROBINDO PHARMA USA INC., | ) | |
| LUPIN LTD., MICRO LABS LTD., | ) | |
| MICRO LABS USA, INC., | ) | |
| MSN PHARMACEUTICALS INC., | ) | |
| MSN LABORATORIES PRIVATE LTD. and | ) | |
| ZYDUS PHARMACEUTICALS (USA) | ) | |
| INC., | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT AUROBINDO PHARMA USA INC.'S ANSWER TO THE COMPLAINT

Aurobindo Pharma USA Inc., and through its undersigned counsel, on and behalf of itself, and its parent Aurobindo Pharma Ltd. ("Aurobindo"), hereby answers the complaint filed by Plaintiffs UCB, Inc. and UCB Biopharma SRL. ("Plaintiff" or "UCB") and alleges in response to the numerous allegations set forth in the complaint of July 24, 2020 involving brivaracetam (BRIVIACT®) as follows:

### NATURE OF THE ACTION

1.     **This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, et seq., arises from (a) Annora's submission to the United States Food and Drug Administration ("FDA") of Abbreviated New Drug Application ("ANDA") No. 214831 ("Annora's ANDA"); (b) Apotex's submission to the FDA of ANDA No. 214875 ("Apotex's ANDA"); (c) Aurobindo's submission to the FDA of ANDA No. 214848 ("Aurobindo's ANDA"); (d) Lupin's submission to the FDA of ANDA No. 214918 (**

"Lupin's ANDA"); (e) Micro Labs's submission to the FDA of ANDA No. 214880 ("Micro Labs's ANDA"); (f) MSN's submission to the FDA of ANDA Nos. 214922, 214924, and 214921 (collectively, "MSN's ANDAs"); and (g) Zydus's submission to the FDA of ANDA No. 214501 ( "Zydus's ANDA," and together with Annora's ANDA, Apotex's ANDA, Aurobindo's ANDA, Lupin's ANDA, Micro Labs's ANDA, and MSN's ANDAs, "Defendants' ANDAs"); by which Defendants seek approval to market generic versions of UCB's pharmaceutical product Briviact® (brivaracetam) prior to the expiration of U.S. Patent Nos. 6,784,197 ("the '197 Patent"), 6,911,461 ("the '461 Patent"), and 8,492,416 ("the '416 Patent") (collectively, the "Patents-in- Suit").

*ANSWER:* Aurobindo admits that Plaintiff has brought an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §100 et seq., and that Plaintiff has asserted that it arises from Aurobindo's Abbreviated New Drug Application ("ANDA") with the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of BRIVIACT® (brivaracetam) prior to the expiration of the P-IVs set forth in its Notice Letter.   To the extent other allegations remain, Aurobindo is without knowledge or sufficient information to for a belief for such allegations and, therefore, denies those allegations.  denies any remaining allegations of Paragraph 1 of the Complaint.

## THE PARTIES

### UCB

2.      **Plaintiff UCB, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1950 Lake Park Drive, Smyrna, Georgia 30080.**

*ANSWER:* Aurobindo admits, upon information and belief, that Plaintiff UCB, Inc. is a corporation organized and existing under the laws of the State of Delaware, and that it has a place of business in Smyrna, Georgia. Except as so admitted, Aurobindo lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations and therefore denies them.

3.     **Plaintiff UCB Biopharma SRL is a corporation organized and existing under the laws of Belgium, having an office and place of business at Allée de la Recherche 60, B-1070 Brussels, Belgium.**

*ANSWER:* Aurobindo admits, upon information and belief, that Plaintiff UCB Biopharma SRL is a corporation organized and existing under the laws of Belgium, and that it has a place of business in Brussels, Belgium. Except as so admitted, Aurobindo lacks information and knowledge sufficient to form a belief about the truth of the remaining allegations and therefore denies them.

**<u>Annora</u>**

4.     **On information and belief, Defendant Annora Pharma Private Ltd is a corporation organized and existing under the laws of India, having its principal place of business at Sy. No. 261, Plot No. 5,7,8,9,13 and 14, Annaram Village, Jinnaram Mandal, Medak Hyderabad TG 502313, India.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 4 of the Complaint, and therefore cannot respond to Paragraph 4.

**<u>Apotex</u>**

5.     **On information and belief, Defendant Apotex Inc. is a corporation organized and existing under the laws of Canada, having its principal place of business at 150 Signet Drive, Toronto, Ontario, M9L 1T9, Canada.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 5 of the Complaint, and therefore cannot respond to Paragraph 5.

6.     **On information and belief, Defendant Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 2400 N. Commerce Parkway, Suite 400, Weston, Florida 33326.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 6 of the Complaint, and therefore cannot respond to Paragraph 6.

7.     **On information and belief, Apotex Corp. is a wholly-owned subsidiary of Apotex Inc.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 7 of the Complaint, and therefore cannot respond to Paragraph 7.

<u>**Aurobindo**</u>

8.     **On information and belief, Defendant Aurobindo Pharma USA Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 279 Princeton-Hightstown Road, East Windsor, New Jersey 08520.**

*ANSWER:* Aurobindo admits that Aurobindo Pharma USA Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 279 Princeton-Hightstown Rd, East Windsor, NJ 08520.

<u>**Lupin**</u>

9.     **On information and belief, Defendant Lupin Limited is a corporation organized and existing under the laws of the Republic of India, having its principal place of**

business at Kalpataru Inspire, 3rd Floor, Off Western Express Highway, Santacruz (East), Mumbai, Mumbai City MH 400 055, India.

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 9 of the Complaint, and therefore cannot respond to Paragraph 9.

## Micro Labs

10.     **On information and belief, Micro Labs USA, Inc. is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 106 Allen Road, Suite 102, Basking Ridge, New Jersey 07920.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 10 of the Complaint, and therefore cannot respond to Paragraph 10.

11.     **On information and belief, Micro Labs Ltd. is a corporation organized and existing under the laws of the Republic of India, having its principal place of business at 31, Race Course Road, Bangalore 560 001, India.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 11 of the Complaint, and therefore cannot respond to Paragraph 11.

12.     **On information and belief, Micro Labs USA, Inc. is a wholly-owned subsidiary of Micro Labs Ltd.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 12 of the Complaint, and therefore cannot respond to Paragraph 12.

## MSN

13.     **On information and belief, Defendant MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 20 Duke Road, Piscataway, New Jersey 08854.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 13 of the Complaint, and therefore cannot respond to Paragraph 13.

14.     **On information and belief, Defendant MSN Laboratories Private Limited is a corporation organized and existing under the laws of the Republic of India, having its principal place of business at MSN House, Plot No: C-24, Industrial Estate, Sanathnagar, Hyderabad 500 018, Telangana, India.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 14 of the Complaint, and therefore cannot respond to Paragraph 14.

15.     **On information and belief, MSN Pharmaceuticals Inc. is a wholly-owned subsidiary of MSN Laboratories Private Limited.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 15 of the Complaint, and therefore cannot respond to Paragraph 15.

## Zydus

16.     **On information and belief, Defendant Zydus Pharmaceuticals (USA) Inc. is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 16 of the Complaint, and therefore cannot respond to Paragraph 16.

## JURISDICTION AND VENUE

### Subject Matter Jurisdiction

17.     **This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271.**

*ANSWER:* Aurobindo admits that Plaintiffs have brought an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. §100 et seq., and that Plaintiffs have asserted that it arises from Aurobindo's Abbreviated New Drug Application ("ANDA") with the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a generic version of BRIVIACT® (brivaracetam), but, to the extent any allegations deny the same.

18.   **This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.**

*ANSWER:* Paragraph 18 contains conclusions of law for which no response is required. To the extent that a response is required, Aurobindo admits for purposes of this case only that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a) and 2201-02. With respect to any remaining allegations of Paragraph 18, Aurobindo denies the same.

<u>**Annora**</u>

19.   **This Court has personal jurisdiction over Annora because, on information and belief, Annora, *inter alia*, has continuous and systematic contacts with the State of Delaware; regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos; has purposefully availed itself of the privilege of doing business in the State of Delaware; and intends to sell Annora's generic version of Briviact® in the State of Delaware upon approval of Annora's ANDA.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 19 of the Complaint, and therefore cannot respond to Paragraph 19.

20.   **On information and belief, Annora is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos,**

which Annora manufactures, distributes, markets, and/or sells throughout the United States and in this judicial district.

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 20 of the Complaint, and therefore cannot respond to Paragraph 20.

21.    **On information and belief, Annora sells generic and proprietary pharmaceutical products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 21 of the Complaint, and therefore cannot respond to Paragraph 21.

22.    **On information and belief, Annora plans to sell its generic version of Briviact® in the State of Delaware, list its generic version of Briviact® on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of its generic version of Briviact® in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 22 of the Complaint, and therefore cannot respond to Paragraph 22.

23.    **On information and belief, Annora knows and intends that its proposed generic version of Briviact® will be distributed and sold in Delaware and will thereby displace sales of Briviact®, causing injury to UCB. Annora intends to take advantage of its established channels of distribution in Delaware for the sale of its proposed generic version of Briviact®.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 23 of the Complaint, and therefore cannot respond to Paragraph 23.

24.     **Annora has engaged in patent litigation concerning FDA-approved drug products in this judicial district, has not contested personal jurisdiction or venue in such litigation in this judicial district, and has purposefully availed itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court.** *See, e.g., Boehringer Ingelheim Pharms. Inc. v. Annora Pharma Private Ltd.,* **C.A. No. 20-277-CFC, D.I. 8 (D. Del. Apr. 27, 2020)***; Amgen Inc. v. Annora Pharma Private Ltd.,* **C.A. No. 20-122-CFC, D.I. 9 (D. Del. Mar. 26, 2020)***; Vifor Fresenius Med. Care Renal Pharma Ltd. v. Annora Pharma Private Ltd.,* **C.A. No. 18-1996-MN, D.I. 12 (D. Del. Mar. 1, 2019)***; Boehringer Ingelheim Pharms. Inc. v. Annora Pharma Private Ltd.,* **C.A. No. 18-1786-CFC-SRF, D.I. 19 (D. Del. Jan. 18, 2019).**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 24 of the Complaint, and therefore cannot respond to Paragraph 24.

25.     **In the alternative, this Court has personal jurisdiction over Annora pursuant to Federal Rule of Civil Procedure 4(k)(2)(A) as (a) UCB's claims arise under federal law; (b) Annora is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Annora has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of Annora's ANDA to the FDA, and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States including in this judicial district, such that this Court's exercise of jurisdiction over Annora satisfies due process.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 25 of the Complaint, and therefore cannot respond to Paragraph 25.

26.     **Venue is proper in this district for Annora pursuant to 28 U.S.C. §§ 1391 and 1400(b) because,** *inter alia***, Annora is a corporation organized and existing under the laws of**

the Republic of India and may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 26 of the Complaint, and therefore cannot respond to Paragraph 26.


**Apotex**

27.     **This Court has personal jurisdiction over Apotex because, on information and belief, Apotex, *inter alia*, has continuous and systematic contacts with the State of Delaware; regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos; has purposefully availed itself of the privilege of doing business in the State of Delaware; and intends to sell Apotex's generic version of Briviact® in the State of Delaware upon approval of Apotex's ANDA.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 27 of the Complaint, and therefore cannot respond to Paragraph 27.

28.     **Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 28 of the Complaint, and therefore cannot respond to Paragraph 28.

29.     **On information and belief, Apotex is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which Apotex manufactures, distributes, markets, and/or sells throughout the United States and in this judicial district.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 29 of the Complaint, and therefore cannot respond to Paragraph 29.

30.     **On information and belief, Apotex sells generic and proprietary pharmaceutical products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 30 of the Complaint, and therefore cannot respond to Paragraph 30.

31.     **On information and belief, Apotex plans to sell its generic version of Briviact® in the State of Delaware, list its generic version of Briviact® on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of its generic version of Briviact® in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 31 of the Complaint, and therefore cannot respond to Paragraph 31.

32.     **On information and belief, Apotex knows and intends that its proposed generic version of Briviact® will be distributed and sold in Delaware and will thereby displace sales of Briviact®, causing injury to UCB. Apotex intends to take advantage of its established channels of distribution in Delaware for the sale of its proposed generic version of Briviact®.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 32 of the Complaint, and therefore cannot respond to Paragraph 32.

33.     **Apotex Inc. and Apotex Corp. have engaged in patent litigation concerning FDA- approved drug products in this judicial district, have not contested personal jurisdiction or venue in such litigation in this judicial district, and have purposefully availed**

themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g., Anacor Pharms., Inc. v. Apotex Inc. et al., C.A. No. 18-1673-RGA, D.I. 30 (D. Del. Oct 25, 2018); Bayer Healthcare LLC et al. v. Apotex Inc. et al.,* C.A. No. 18-1465-LPS, D.I. 7 (D. Del. Sept 21, 2018)*; Onyx Therapeutics, Inc. v. Apotex Inc. et al.,* C.A. No. 18-132, D.I. 10 (D. Del. Jan 24, 2018).

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 33 of the Complaint, and therefore cannot respond to Paragraph 33.

34.     **In the alternative, this Court has personal jurisdiction over Apotex Inc. pursuant to Federal Rule of Civil Procedure 4(k)(2)(A) as (a) UCB's claims arise under federal law; (b) Apotex Inc. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Apotex Inc. has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of Apotex's ANDA to the FDA, and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States including in this judicial district, such that this Court's exercise of jurisdiction over Apotex Inc. satisfies due process.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 34 of the Complaint, and therefore cannot respond to Paragraph 34.

35.     **Venue is proper in this district for Apotex Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because,** *inter alia***, Apotex Inc. is a corporation organized and existing under the laws of Canada and may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 35 of the Complaint, and therefore cannot respond to Paragraph 35.

36.     **Venue is proper in this district for Apotex Corp. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 36 of the Complaint, and therefore cannot respond to Paragraph 36.

### Aurobindo

37.     **This Court has personal jurisdiction over Aurobindo because, on information and belief, Aurobindo, *inter alia*, has continuous and systematic contacts with the State of Delaware; regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos; has purposefully availed itself of the privilege of doing business in the State of Delaware; and intends to sell Aurobindo's generic version of Briviact® in the State of Delaware upon approval of Aurobindo's ANDA.**

*ANSWER:* Paragraph 37 sets forth legal conclusions to which no response is required. To the extent that an answer may be required, Aurobindo admits that Aurobindo is in the business of, among other things, the development, manufacturing, and importation of generic pharmaceutical products for marketing, sale, and distribution throughout the United States, including in Delaware. For the limited purposes of this action, Aurobindo does not oppose personal jurisdiction in this Court.  To the extent that any allegations remain, Aurobindo lacks sufficient information to form a belief as to the allegations contained in Paragraph 37, and therefore denies them.

38.     **Aurobindo is a corporation organized and existing under the laws of the State of Delaware.**

*ANSWER:* Aurobindo admits that Aurobindo Pharma USA, Inc. is a corporation organized and existing under the laws of the State of Delaware.

39.    **On information and belief, Aurobindo is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which Aurobindo manufactures, distributes, markets, and/or sells throughout the United States and in this judicial district.**

Aurobindo also admits that Aurobindo is in the business of, among other things, commercializing pharmaceutical products, including generic drug products. Although Aurobindo does not admit that personal jurisdiction is proper, it will not contest personal jurisdiction in District of Delaware for the limited purposes of this action only.

40.    **On information and belief, Aurobindo sells generic and proprietary pharmaceutical products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.**

Aurobindo also admits that Aurobindo is in the business of, among other things, commercializing pharmaceutical products, including in the State of Delaware. Although Aurobindo does not admit that personal jurisdiction is proper, it will not contest personal jurisdiction in District of Delaware for the limited purposes of this action only.

41.    **On information and belief, Aurobindo plans to sell its generic version of Briviact® in the State of Delaware, list its generic version of Briviact® on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of its generic version of Briviact® in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.**

*ANSWER:*   Due to the variability of market conditions over time, Aurobindo cannot respond one way or the other in regard to its ultimate intentions in regard to engaging in the marketing of Aurobindo ANDA Product in the United States, including in the State of Delaware, even upon receiving FDA approval to market.  With respect to any remaining allegations of Paragraph 41, Aurobindo denies the same.

42.     **On information and belief, Aurobindo knows and intends that its proposed generic version of Briviact® will be distributed and sold in Delaware and will thereby displace sales of Briviact®, causing injury to UCB. Aurobindo intends to take advantage of its established channels of distribution in Delaware for the sale of its proposed generic version of Briviact®.**

*ANSWER:*   Due to the variability of market conditions over time, Aurobindo cannot respond one way or the other in regard to its ultimate intentions in regard to engaging in the marketing of Aurobindo ANDA Product in the United States, including in the State of Delaware, even upon receiving FDA approval to market.  With respect to any remaining allegations of Paragraph 42, Aurobindo denies the same.

43.     **Aurobindo has engaged in patent litigation concerning FDA-approved drug products in this judicial district, has not contested personal jurisdiction or venue in such litigation in this judicial district, and has purposefully availed itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g., Arena Pharms., Inc. et al. v. Aurobindo Pharma USA Inc. et al.*, C.A. No. 19-811-RGA, D.I. 10 (D. Del. May 1, 2019); *Millennium Pharms., Inc. v. Aurobindo Pharma USA Inc. et al.*, C.A. No. 19-471-CFC-SRF, D.I. 9 (D. Del. Mar 6, 2019); *Anacor Pharms., Inc. v. Aurobindo Pharma USA Inc. et al.*, C.A. No. 18-1673-RGA, D.I. 35 (D. Del. Oct 25, 2018).**

*ANSWER:* Paragraph 43 sets forth legal conclusions based on alleged activities to which no response is required.  To the extent an answer is required, Aurobindo admits that it has been involved in litigation in the D. Del. as indicated above, and although Aurobindo does not admit that personal jurisdiction is proper, it will not contest personal jurisdiction in District of Delaware for the limited purposes of this action only.  Aurobindo denies the remaining allegations of Paragraph 43.

44.     **Venue is proper in this district for Aurobindo pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, inter alia, Aurobindo is a corporation organized and existing under the laws of the State of Delaware.**

*ANSWER:* Paragraph 44 sets forth legal conclusions based on alleged activities to which no response is required.  To the extent an answer is required, Aurobindo admits only that it will not contest venue for the purposes of this action.  With respect to any remaining allegations of Paragraph 44, Aurobindo denies the same.

### Lupin

45.     **This Court has personal jurisdiction over Lupin because, on information and belief, Lupin, *inter alia*, has continuous and systematic contacts with the State of Delaware; regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos; has purposefully availed itself of the privilege of doing business in the State of Delaware; and intends to sell Lupin's generic version of Briviact® in the State of Delaware upon approval of Lupin's ANDA.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 45 of the Complaint, and therefore cannot respond to Paragraph 45.

16

46.    **On information and belief, Lupin controls and dominates Lupin Pharmaceuticals, Inc., a wholly-owned subsidiary of Lupin, and therefore, the activities of Lupin Pharmaceuticals, Inc. in this jurisdiction are attributed to Lupin. Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 46 of the Complaint, and therefore cannot respond to Paragraph 46.

47.    **On information and belief, Lupin is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which Lupin manufactures, distributes, markets, and/or sells throughout the United States and in this judicial district.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 47 of the Complaint, and therefore cannot respond to Paragraph 47.

48.    **On information and belief, Lupin sells generic and proprietary pharmaceutical products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 48 of the Complaint, and therefore cannot respond to Paragraph 48.

49.    **On information and belief, Lupin plans to sell its generic version of Briviact® in the State of Delaware, list its generic version of Briviact® on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of its generic**

version of Briviact® in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 49 of the Complaint, and therefore cannot respond to Paragraph 49.

50.     **On information and belief, Lupin knows and intends that its proposed generic version of Briviact® will be distributed and sold in Delaware and will thereby displace sales of Briviact®, causing injury to UCB. Lupin intends to take advantage of its established channels of distribution in Delaware for the sale of its proposed generic version of Briviact®.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 50 of the Complaint, and therefore cannot respond to Paragraph 50.

51.     **Lupin has engaged in patent litigation concerning FDA-approved drug products in this judicial district, has not contested personal jurisdiction or venue in such litigation in this judicial district, and has purposefully availed itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g., Anacor Pharms., Inc. v. Lupin Ltd. et al.*, C.A. No. 18-1606-RGA, D.I. 16 (D. Del. Oct 17, 2018); *Amgen Inc. v. Lupin Ltd. et al.*, C.A. No. 17-816-GMS, D.I. 8 (D. Del. June 23, 2017); *Omeros Corp. v. Lupin Ltd. et al.*, C.A. No. 17-803-RGA, D.I. 9 (D. Del. June 22, 2017).**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 51 of the Complaint, and therefore cannot respond to Paragraph 51.

52.     **In the alternative, this Court has personal jurisdiction over Lupin pursuant to Federal Rule of Civil Procedure 4(k)(2)(A) as (a) UCB's claims arise under federal law; (b) Lupin is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Lupin has sufficient contacts in the United States as a whole, including, but not**

limited to, participating in the preparation and submission of Lupin's ANDA to the FDA, and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States including in this judicial district, such that this Court's exercise of jurisdiction over Lupin satisfies due process.

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 52 of the Complaint, and therefore cannot respond to Paragraph 52.

53.     **Venue is proper in this district for Lupin pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, (1) Lupin is a corporation organized and existing under the laws of the Republic of India and may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3) and (2) Lupin Pharmaceuticals, Inc., a wholly-owned subsidiary of Lupin, is a corporation organized and existing under the laws of the State of Delaware.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 53 of the Complaint, and therefore cannot respond to Paragraph 53.

## Micro Labs

54.     **This Court has personal jurisdiction over Micro Labs because, on information and belief, Micro Labs, *inter alia*, has continuous and systematic contacts with the State of Delaware; regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos; has purposefully availed itself of the privilege of doing business in the State of Delaware; and intends to sell Micro Labs's generic version of Briviact® in the State of Delaware upon approval of Micro Labs's ANDA.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 54 of the Complaint, and therefore cannot respond to Paragraph 54.

19

55.     **On information and belief, Micro Labs is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which Micro Labs manufactures, distributes, markets, and/or sells throughout the United States and in this judicial district.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 55 of the Complaint, and therefore cannot respond to Paragraph 55.

56.     **On information and belief, Micro Labs sells generic and proprietary pharmaceutical products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 56 of the Complaint, and therefore cannot respond to Paragraph 56.

57.     **On information and belief, Micro Labs USA, Inc. plans to sell its generic version of Briviact® in the State of Delaware, list its generic version of Briviact® on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of its generic version of Briviact® in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 57 of the Complaint, and therefore cannot respond to Paragraph 57.

58.     **On information and belief, Micro Labs knows and intends that its proposed generic version of Briviact® will be distributed and sold in Delaware and will thereby displace sales of Briviact®, causing injury to UCB. Micro Labs intends to take advantage of**

its established channels of distribution in Delaware for the sale of its proposed generic version of Briviact®.

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 58 of the Complaint, and therefore cannot respond to Paragraph 58.

59.     **Micro Labs USA, Inc. and Micro Labs Ltd. have engaged in patent litigation concerning FDA-approved drug products in this judicial district, have not contested personal jurisdiction or venue in such litigation in this judicial district, and have purposefully availed themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g., Hikma Pharms. USA Inc. et al. v. Micro Labs Ltd. et al.*, C.A. No. 19-883- CFC-CJB, D.I. 19 (D. Del. May 10, 2019); *Genentech, Inc. et al. v. Micro Labs Ltd. et al.*, C.A. No. 19-111-RGA, D.I. 9 (D. Del. Jan 18, 2019); *Bayer Intellectual Prop. GmbH et al. v. Micro Labs Ltd. et al.*, C.A. No. 17-560-TBD, D.I. 9 (D. Del. May 12, 2017).**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 59 of the Complaint, and therefore cannot respond to Paragraph 59.

60.     **In the alternative, this Court has personal jurisdiction over Micro Labs Ltd. pursuant to Federal Rule of Civil Procedure 4(k)(2)(A) as (a) UCB's claims arise under federal law; (b) Micro Labs Ltd. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Micro Labs Ltd. has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of Micro Labs's ANDA to the FDA, and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States including in this judicial**

21

district, such that this Court's exercise of jurisdiction over Micro Labs Ltd. satisfies due process.

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 60 of the Complaint, and therefore cannot respond to Paragraph 60.

61.   **Venue is proper in this district for Micro Labs Ltd. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Micro Labs Ltd. is a corporation organized and existing under the laws of the Republic of India and may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 61 of the Complaint, and therefore cannot respond to Paragraph 61.

62.   **Venue is proper in this district for Micro Labs USA, Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b).**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 62 of the Complaint, and therefore cannot respond to Paragraph 62.

### MSN

63.   **This Court has personal jurisdiction over MSN because, on information and belief, MSN, *inter alia*, has continuous and systematic contacts with the State of Delaware; regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos; has purposefully availed itself of the privilege of doing business in the State of Delaware; and intends to sell MSN's generic versions of Briviact® in the State of Delaware upon approval of MSN's ANDAs.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 63 of the Complaint, and therefore cannot respond to Paragraph 63.

22

64.     **MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware, and on information and belief is a wholly owned subsidiary of MSN Laboratories Private Ltd.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 64 of the Complaint, and therefore cannot respond to Paragraph 64.

65.     **On information and belief, MSN is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which MSN manufactures, distributes, markets, and/or sells throughout the United States and in this judicial district.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 65 of the Complaint, and therefore cannot respond to Paragraph 65.

66.     **On information and belief, MSN sells generic and proprietary pharmaceutical products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 66 of the Complaint, and therefore cannot respond to Paragraph 66.

67.     **On information and belief, MSN plans to sell its generic versions of Briviact® in the State of Delaware, list its generic versions of Briviact® on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of its generic versions of Briviact® in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.**

23

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 67 of the Complaint, and therefore cannot respond to Paragraph 67.

68.    **On information and belief, MSN knows and intends that its proposed generic versions of Briviact® will be distributed and sold in Delaware and will thereby displace sales of Briviact®, causing injury to UCB. MSN intends to take advantage of its established channels of distribution in Delaware for the sale of its proposed generic versions of Briviact®.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 68 of the Complaint, and therefore cannot respond to Paragraph 68.

69.    **MSN Laboratories Private Limited and MSN Pharmaceuticals Inc. have engaged in patent litigation concerning FDA-approved drug products in this judicial district, have not contested personal jurisdiction or venue in such litigation in this judicial district, and have purposefully availed themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See, e.g., Genentech, Inc. v. MSN Labs. Private Ltd. et al.*, C.A. No. 19-205-RGA, D.I. 9 (D. Del. Jan 31, 2019); *Onyx Therapeutics, Inc. v. MSN Pharms., Inc. et al.*, C.A. No. 17-1833-LPS, D.I. 8 (D. Del. Dec 20, 2017); *Biogen MA Inc. v. MSN Labs. Private Ltd. et al.*, C.A. No. 17-845-LPS, D.I. 12 (D. Del. June 28, 2017).**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 69 of the Complaint, and therefore cannot respond to Paragraph 69.

70.    **In the alternative, this Court has personal jurisdiction over MSN Laboratories Private Limited pursuant to Federal Rule of Civil Procedure 4(k)(2)(A) as (a) UCB's claims arise under federal law; (b) MSN Laboratories Private Limited is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) MSN Laboratories Private Limited has sufficient contacts in the United States as a whole, including, but not**

24

limited to, participating in the preparation and submission of MSN's ANDAs to the FDA, and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States including in this judicial district, such that this Court's exercise of jurisdiction over MSN Laboratories Private Limited satisfies due process.

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 70 of the Complaint, and therefore cannot respond to Paragraph 70.

71.     **Venue is proper in this district for MSN Pharmaceuticals Inc. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, MSN Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 71 of the Complaint, and therefore cannot respond to Paragraph 71.

72.     **Venue is proper in this district for MSN Laboratories Private Ltd. pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, MSN Laboratories Private Ltd. is a corporation organized and existing under the laws of the Republic of India and may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 72 of the Complaint, and therefore cannot respond to Paragraph 72.

## <u>Zydus</u>

73.     **This Court has personal jurisdiction over Zydus because, on information and belief, Zydus, *inter alia*, has continuous and systematic contacts with the State of Delaware; regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos; has purposefully availed itself of**

the privilege of doing business in the State of Delaware; and intends to sell Zydus's generic version of Briviact® in the State of Delaware upon approval of Zydus's ANDA.

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 73 of the Complaint, and therefore cannot respond to Paragraph 73.

74.     **On information and belief, Zydus is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, which Zydus manufactures, distributes, markets, and/or sells throughout the United States and in this judicial district.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 74 of the Complaint, and therefore cannot respond to Paragraph 74.

75.     **On information and belief, Zydus sells generic and proprietary pharmaceutical products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 75 of the Complaint, and therefore cannot respond to Paragraph 75.

76.     **On information and belief, Zydus plans to sell its generic version of Briviact® in the State of Delaware, list its generic version of Briviact® on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of its generic version of Briviact® in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 76 of the Complaint, and therefore cannot respond to Paragraph 76.

77.     **On information and belief, Zydus knows and intends that its proposed generic version of Briviact® will be distributed and sold in Delaware and will thereby displace sales of Briviact®, causing injury to UCB. Zydus intends to take advantage of its established channels of distribution in Delaware for the sale of its proposed generic version of Briviact®.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 77 of the Complaint, and therefore cannot respond to Paragraph 77.

78.     **Zydus has engaged in patent litigation concerning FDA-approved drug products in this judicial district, has not contested personal jurisdiction or venue in such litigation in this judicial district, and has purposefully availed itself of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. See, e.g., *Amgen Inc. et al. v. Zydus Pharms. (USA) Inc. et al.*, C.A. No. 20-075-CFC-CJB, D.I. 10 (D. Del. Apr 20, 2020); *H. Lundbeck A/S et al. v. Zydus Pharms. (USA) Inc. et al.*, C.A. No. 18-150-LPS, D.I. 13 (D. Del. Jan 25, 2018); *Millennium Pharms., Inc. et al. v. Zydus Pharms. (USA) Inc. et al.*, C.A. No. 17-423-CFC, D.I. 9 (D. Del. Apr 13, 2017).**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 78 of the Complaint, and therefore cannot respond to Paragraph 78.

79.     **Venue is proper in this district for Zydus pursuant to 28 U.S.C. §§ 1391 and 1400(b).**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 79 of the Complaint, and therefore cannot respond to Paragraph 79.

## THE PATENTS-IN-SUIT

80.     **The '197 Patent, entitled "2-oxo-l-pyrrolidine Derivatives, Processes for Preparing Them and Their Uses," was duly and lawfully issued by the United States Patent**

and Trademark Office ("USPTO") on August 31, 2004. UCB Biopharma SRL is the owner of all right, title, and interest in the '197 Patent. A true and correct copy of the '197 Patent is attached hereto as Exhibit A.

*ANSWER:* Paragraph 80 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Aurobindo admits that, according to the face of U.S. Patent No. '197, as set forth at Exhibit A to the complaint, it issued on August 31, 2004 to UCB S.A. as assignee of the persons identified as inventors on the face of the patent. With respect to any remaining allegations of Paragraph 80, Aurobindo lacks information and knowledge sufficient to form a belief about the truth of such allegations and therefore denies the same.

81.    **The '461 Patent, entitled "2-oxo-l-pyrrolidine Derivatives, Processes for Preparing Them and Their Uses," was duly and lawfully issued by the USPTO on June 28, 2005. UCB Biopharma SRL is the owner of all right, title, and interest in the '461 Patent. A true and correct copy of the '461 Patent is attached hereto as Exhibit B.**

*ANSWER:* Paragraph 81 sets forth legal conclusions based on alleged activities to which no response is required. To the extent an answer is required, Aurobindo admits that, according to the face of U.S. Patent No. '461, as set forth at Exhibit B to the complaint, it issued on June 28, 2005 to UCB S.A. as assignee of the persons identified as inventors on the face of the patent. With respect to any remaining allegations of Paragraph 81, Aurobindo lacks information and knowledge sufficient to form a belief about the truth of such allegations and therefore denies the same.

82.    **The '416 Patent, entitled "2-oxo-l-pyrrolidine Derivatives, Processes for Preparing Them and Their Uses," was duly and lawfully issued by the USPTO on July 23,**

**2013. UCB Biopharma SRL is the owner of all right, title, and interest in the '416 Patent. A true and correct copy of the '416 Patent is attached hereto as Exhibit C.**

*ANSWER:*  Paragraph 82 sets forth legal conclusions based on alleged activities to which no response is required.  To the extent an answer is required, Aurobindo admits that, according to the face of U.S. Patent No. '416, as set forth at Exhibit C to the complaint, it issued on August 31, 2004 to UCB Pharma, S.A. as assignee of the persons identified as inventors on the face of the patent.   With respect to any remaining allegations of Paragraph 82, Aurobindo lacks information and knowledge sufficient to form a belief about the truth of such allegations and therefore denies the same.

### BRIVIACT®

83.    **Briviact® is indicated for the treatment of partial-onset seizures in patients 4 years of age and older. Briviact® is indicated for treatment by tablet or oral solution in patients 4 years of age and older and for treatment by injection in patients 16 years and older. Briviact® may reduce the number of partial-onset seizures and may provide additional seizure control.**

Aurobindo directs UCB to the labelling of Briviact® for the best description of the uses of Briviact®.

84.    **UCB, Inc. holds approved New Drug Application ("NDA") No. 205836 for Briviact® tablets (10 mg, 25 mg, 50 mg, 75 mg, and 100 mg dosage strengths).**

*ANSWER:* Upon information and belief, Aurobindo admits that, based on the Orange Book, UCB, Inc. is the holder of New Drug Application ("NDA") No. 205836 by which the FDA has granted approval for the commercial manufacturing, marketing, sale, and use of Briviact® (brivaracetam) tablets (10 mg, 25 mg, 50 mg, and 100 mg dosage strengths).

85.     **UCB, Inc. holds approved NDA No. 205837 for Briviact® intravenous solution (50 mg/5 mL dosage strength).**

*ANSWER:* Upon information and belief, Aurobindo admits that, based on the Orange Book, UCB, Inc. is the holder of New Drug Application ("NDA") No. 205837 by which the FDA has granted approval for the commercial manufacturing, marketing, sale, and use of Briviact® (brivaracetam) intravenous solution (50 mg/5 mL dosage strength).

86.     **UCB, Inc. holds approved NDA No. 205838 for Briviact® oral solution (10 mg/mL dosage strength).**

*ANSWER:* Upon information and belief, Aurobindo admits that, based on the Orange Book, UCB, Inc. is the holder of New Drug Application ("NDA") No. 205838 by which the FDA has granted approval for the commercial manufacturing, marketing, sale, and use of Briviact® (brivaracetam) oral solution (10 mg/mL dosage strength).

87.     **Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the Patents-in- Suit are listed in the FDA's Approved Drug Products with Therapeutic Equivalence Evaluations (the "Orange Book") in connection with NDA Nos. 205836, 205837, and 205838.**

*ANSWER:* Upon information and belief, Aurobindo admits that the Patents-in-Suit are listed in the Orange Book in connection with NDA Nos. 205836, 205837, and 205838.  Aurobindo denies any remaining allegations of Paragraph 87.

## PARAGRAPH IV NOTICES

### Annora

88.     **On information and belief, Annora sent UCB a Notice Letter dated July 17, 2020 ("Annora's Notice Letter"), stating that ANDA No. 214831 contains a certification pursuant to 21 U.S.C. § 355(j)(2)(B)(vii)(IV) (a "Paragraph IV certification") alleging that**

the Patents-in- Suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the generic product proposed in the ANDA.

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 88 of the Complaint, and therefore cannot respond to Paragraph 88.

89.    **Annora's Notice Letter further states that Annora submitted ANDA No. 214831 to the FDA under 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, or sale of brivaracetam tablets (10 mg, 25 mg, 50 mg, 75 mg, and 100 mg dosage strengths) as a purported generic version of Briviact® tablets before the expiration of the Patents-in-Suit.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 89 of the Complaint, and therefore cannot respond to Paragraph 89.

90.    **On information and belief, if the FDA approves Annora's ANDA, Annora will manufacture, offer for sale, or sell the generic product listed in Annora's ANDA ("Annora's ANDA Product"), within the United States, including within the State of Delaware, or will import Annora's ANDA Product into the United States, including the State of Delaware. The manufacture, use, offer for sale, sale, or importation of Annora's ANDA Product will directly infringe the Patents-in-Suit and Annora will actively induce and/or contribute to their infringement.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 90 of the Complaint, and therefore cannot respond to Paragraph 90.

<u>**Apotex**</u>

91.    **On information and belief, Apotex sent UCB a Notice Letter dated June 30, 2020 ("Apotex's Notice Letter"), stating that ANDA No. 214875 contains a Paragraph IV**

certification alleging that the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the generic product proposed in the ANDA.

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 91 of the Complaint, and therefore cannot respond to Paragraph 91.

92.    **Apotex's Notice Letter further states that Apotex submitted ANDA No. 214875 to the FDA under 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, or sale of brivaracetam tablets (10 mg, 25 mg, 50 mg, 75 mg, and 100 mg dosage strengths) as a purported generic version of Briviact® tablets before the expiration of the Patents-in-Suit.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 92 of the Complaint, and therefore cannot respond to Paragraph 92.

93.    **On information and belief, if the FDA approves Apotex's ANDA, Apotex will manufacture, offer for sale, or sell the generic product listed in Apotex's ANDA ("Apotex's ANDA Product"), within the United States, including within the State of Delaware, or will import Apotex's ANDA Product into the United States, including the State of Delaware. The manufacture, use, offer for sale, sale, or importation of Apotex's ANDA Product will directly infringe the Patents-in-Suit and Apotex will actively induce and/or contribute to their infringement.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 93 of the Complaint, and therefore cannot respond to Paragraph 93.

### Aurobindo

94.    **On information and belief, Aurobindo sent UCB a Notice Letter dated July 8, 2020 ("Aurobindo's Notice Letter"), stating that ANDA No. 214848 contains a Paragraph**

IV certification alleging that the '197 and '461 Patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the generic product proposed in the ANDA.

*ANSWER:* Admitted. Aurobindo directs Plaintiffs to its Notice Letter as the best evidence of what it has sought to do under its ANDA.

95.     **Aurobindo's Notice Letter further states that Aurobindo submitted ANDA No. 214848 to the FDA under 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, or sale of brivaracetam tablets (50 mg and 100 mg dosage strengths) as a purported generic version of Briviact® tablets before the expiration of the '197 and '461 Patents.**

*ANSWER:* Paragraph 95 sets forth legal conclusions to which no response is required. To the extent that an answer may be required, Aurobindo admits that Aurobindo USA Inc. submitted FDA ANDA No. 214848 for approval to engage in the commercial manufacture, use or sale of the Aurobindo ANDA Products in the United States. As to the remaining allegations of Paragraph 95, Aurobindo directs Plaintiffs to its Notice Letter as the best evidence of what it has sought to do under its ANDA.

96.     **On information and belief, if the FDA approves Aurobindo's ANDA, Aurobindo will manufacture, offer for sale, or sell the generic product listed in Aurobindo's ANDA ("Aurobindo's ANDA Product"), within the United States, including within the State of Delaware, or will import Aurobindo's ANDA Product into the United States, including the State of Delaware. The manufacture, use, offer for sale, sale, or importation of Aurobindo's ANDA Product will directly infringe the '197 and '461 Patents and Aurobindo will actively induce and/or contribute to their infringement.**

33

*ANSWER:* Paragraph 96 sets forth legal conclusions for which no response is required. To the extent that an answer may be required, Aurobindo admits that it may engage in the manufacture, offer for sale, or sale of Aurobindo's ANDA Product upon FDA approval of Aurobindo's ANDA Product, though Aurobindo cannot state its ultimate intentions regarding the marketing of its ANDA Product, due to the variability of market conditions over time. Aurobindo denies the allegations of Paragraph 96.

### Lupin

97. **On information and belief, Lupin sent UCB a Notice Letter dated July 1, 2020 ("Lupin's Notice Letter"), stating that ANDA No. 214918 contains a Paragraph IV certification alleging that the '197 and '461 Patents are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the generic product proposed in the ANDA.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 97 of the Complaint, and therefore cannot respond to Paragraph 97.

98. **Lupin's Notice Letter further states that Lupin submitted ANDA No. 214918 to the FDA under 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, or sale of brivaracetam tablets (10 mg, 25 mg, 50 mg, 75 mg, and 100 mg dosage strengths) as a purported generic version of Briviact® tablets before the expiration of the '197 and '461 Patents.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 98 of the Complaint, and therefore cannot respond to Paragraph 98.

99. **On information and belief, if the FDA approves Lupin's ANDA, Lupin will manufacture, offer for sale, or sell the generic products listed in Lupin's ANDA ("Lupin's**

ANDA Product"), within the United States, including within the State of Delaware, or will import Lupin's ANDA Product into the United States, including the State of Delaware. The manufacture, use, offer for sale, sale, or importation of Lupin's ANDA Product will directly infringe the '197 and '461 Patents and Lupin will actively induce and/or contribute to their infringement.

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 99 of the Complaint, and therefore cannot respond to Paragraph 99.

## Micro Labs

100.   **On information and belief, Micro Labs sent UCB a Notice Letter dated June 12, 2020 ("Micro Labs's Notice Letter"), stating that ANDA No. 214880 contains a Paragraph IV certification alleging that the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the generic product proposed in the ANDA.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 100 of the Complaint, and therefore cannot respond to Paragraph 100.

101.   **Micro Labs's Notice Letter further states that Micro Labs submitted ANDA No. 214880 to the FDA under 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, or sale of brivaracetam intravenous solution as a purported generic version of Briviact® intravenous solution before the expiration of the Patents-in-Suit.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 101 of the Complaint, and therefore cannot respond to Paragraph 101.

102.    **On information and belief, if the FDA approves Micro Labs's ANDA, Micro Labs will manufacture, offer for sale, or sell the generic products listed in Micro Labs's ANDA ("Micro Labs's ANDA Product"), within the United States, including within the State of Delaware, or will import Micro Labs's ANDA Product into the United States, including the State of Delaware. The manufacture, use, offer for sale, sale, or importation of Micro Labs's ANDA Product will directly infringe the Patents-in-Suit and Micro Labs will actively induce and/or contribute to their infringement.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 102 of the Complaint, and therefore cannot respond to Paragraph 102.

### MSN

103.    **On information and belief, MSN sent UCB a Notice Letter dated June 26, 2020 ("MSN's June 26, 2020 Notice Letter"), stating that ANDA Nos. 214922 and 214924 contain a Paragraph IV certification alleging that the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the generic products proposed in the ANDAs.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 103 of the Complaint, and therefore cannot respond to Paragraph 103.

104.    **MSN's June 26, 2020 Notice Letter further states that MSN submitted ANDA Nos. 214922 and 214924 to the FDA under 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, or sale of brivaracetam oral and intravenous solutions as purported generic versions of Briviact® oral and intravenous solutions before the expiration of the Patents- in-Suit.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 104 of the Complaint, and therefore cannot respond to Paragraph 104.

105. **On information and belief, MSN sent UCB a Notice Letter dated June 30, 2020 ("MSN's June 30, 2020 Notice Letter," and collectively with MSN's June 26, 2020 Notice Letter, "MSN's Notice Letters"), stating that ANDA No. 214921 contains a Paragraph IV certification alleging that the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the generic product proposed in the ANDA.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 105 of the Complaint, and therefore cannot respond to Paragraph 105.

106. **MSN's June 30, 2020 Notice Letter further states that MSN submitted ANDA No. 214921 to the FDA under 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, or sale of brivaracetam tablets (10 mg, 25 mg, 50 mg, 75 mg, and 100 mg dosage strengths) as a purported generic version of Briviact® tablets before the expiration of the Patents-in-Suit.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 106 of the Complaint, and therefore cannot respond to Paragraph 106.

107. **On information and belief, if the FDA approves MSN's ANDAs, MSN will manufacture, offer for sale, or sell the generic products listed in MSN's ANDAs (collectively, "MSN's ANDA Products"), within the United States, including within the State of Delaware, or will import MSN's ANDA Products into the United States, including the State of Delaware. The manufacture, use, offer for sale, sale, or importation of MSN's ANDA Products will directly infringe the Patents-in-Suit and MSN will actively induce and/or contribute to their infringement.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 107 of the Complaint, and therefore cannot respond to Paragraph 107.

### Zydus

108.    **On information and belief, Zydus sent UCB a Notice Letter dated July 16, 2020 ("Zydus's Notice Letter"), stating that ANDA No. 214501 contains a Paragraph IV certification alleging that the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, or sale of the generic product proposed in the ANDA.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 108 of the Complaint, and therefore cannot respond to Paragraph 108.

109.    **Zydus's Notice Letter further states that Zydus submitted ANDA No. 214501 to the FDA under 21 U.S.C. § 355(j), seeking approval to engage in the commercial manufacture, use, or sale of brivaracetam tablets (10 mg, 25 mg, 50 mg, 75 mg, and 100 mg dosage strengths) as a purported generic version of Briviact® tablets before the expiration of the Patents-in-Suit.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 109 of the Complaint, and therefore cannot respond to Paragraph 109.

110.    **On information and belief, if the FDA approves Zydus's ANDA, Zydus will manufacture, offer for sale, or sell the generic products listed in Zydus's ANDA ("Zydus's ANDA Product," and together with Annora's ANDA Product, Apotex's ANDA Product, Aurobindo's ANDA Product, Lupin's ANDA Product, Micro Labs's ANDA Product, and MSN's ANDA Products, "Defendants' ANDA Products"), within the United States, including within the State of Delaware, or will import Zydus's ANDA Product into the United States, including the State of Delaware. The manufacture, use, offer for sale, sale, or**

importation of Zydus's ANDA Product will directly infringe the Patents-in-Suit and Zydus will actively induce and/or contribute to their infringement.

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 110 of the Complaint, and therefore cannot respond to Paragraph 110.

* * *

111. **UCB commences this action within 45 days of receiving each of the Notice Letters identified in paragraphs 88-110.**

*ANSWER:* Aurobindo admits that UCB commenced this action within 45 days of receiving Aurobindo's Notice Letter. Aurobindo lacks sufficient knowledge to form a belief as to the remaining allegations of Paragraph 111 of the Complaint, and therefore cannot respond to Paragraph 111.

## COUNT I

## INFRINGEMENT OF THE '197 PATENT BY ANNORA

112. **UCB restates, realleges, and incorporates by reference paragraphs 1-111 as if fully set forth herein.**

*ANSWER:* Aurobindo restates, realleges, and incorporates by reference its responses to paragraphs 1-111 as if fully set forth herein.

113. **On information and belief, Annora submitted Annora's ANDA to the FDA, and thereby seeks FDA approval of Annora's ANDA Product.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 113 of the Complaint, and therefore cannot respond to Paragraph 113.

114. **Annora has infringed at least claims 1 and 21 of the '197 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Annora's ANDA with a Paragraph IV certification and**

39

**thereby seeking FDA approval for the commercial manufacture, use, offer to sell, and sale of a generic version of Briviact® tablets prior to the expiration of the '197 Patent. At least claims 1 and 21 of the '197 Patent encompass brivaracetam. In Annora's Notice Letter, Annora has not contested infringement of claims 1 and 21 of the '197 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 114 of the Complaint, and therefore cannot respond to Paragraph 114.

115.    **Annora's commercial manufacture, use, offer to sell, or sale of Annora's ANDA Product before the expiration of the '197 Patent would infringe one or more claims of the '197 Patent, including, but not limited to, claims 1 and 21, under 35 U.S.C. § 271.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 115 of the Complaint, and therefore cannot respond to Paragraph 115.

116.    **UCB is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Annora's ANDA to be a date which is not any earlier than the expiration date of the '197 Patent, including any extensions, adjustments, and exclusivities associated with the '197 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 116 of the Complaint, and therefore cannot respond to Paragraph 116.

<u>**COUNT II**</u>

<u>**INFRINGEMENT OF THE '461 PATENT BY ANNORA**</u>

117.    **UCB restates, realleges, and incorporates by reference paragraphs 1-116 as if fully set forth herein.**

*ANSWER:* Aurobindo restates, realleges, and incorporates by reference its responses to paragraphs 1-116 as if fully set forth herein.

118.     **Annora has infringed claims 1-5 of the '461 Patent under 35 U.S.C. §
271(e)(2)(A) by submitting Annora's ANDA with a Paragraph IV certification and thereby
seeking FDA approval for the commercial manufacture, use, offer to sell, and sale of a
generic version of Briviact® tablets prior to the expiration of the '461 Patent. Claims 1 and
5 of the '461 Patent encompass brivaracetam, claim 2 of the '461 Patent encompasses
pharmaceutical compositions comprising brivaracetam, and claims 3 and 4 of the '461 Patent
encompass a method of treating epilepsy, among other conditions, comprising administering
a therapeutic dose of brivaracetam. In Annora's Notice Letter, Annora has not contested
infringement of claims 1-5 of the '461 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 118 of
the Complaint, and therefore cannot respond to Paragraph 118.

119.     **Annora's commercial manufacture, use, offer to sell, or sale of Annora's
ANDA Product before the expiration of the '461 Patent would infringe claims 1-5 of the '461
Patent under 35 U.S.C. § 271.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 119 of
the Complaint, and therefore cannot respond to Paragraph 119.

120.     **UCB is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter
alia*, an order of this Court that the FDA set the effective date of approval for Annora's
ANDA to be a date which is not any earlier than the expiration date of the '461 Patent,
including any extensions, adjustments, and exclusivities associated with the '461 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 120 of
the Complaint, and therefore cannot respond to Paragraph 120.

## COUNT III

## INFRINGEMENT OF THE '416 PATENT BY ANNORA

121.     **UCB restates, realleges, and incorporates by reference paragraphs 1-120 as if fully set forth herein.**

*ANSWER:* Aurobindo restates, realleges, and incorporates by reference its responses to paragraphs 1-120 as if fully set forth herein.

122.     **Annora has infringed claims 1 and 2 of the '416 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Annora's ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, or sale of a generic version of Briviact® tablets prior to the expiration of the '416 Patent. Claims 1 and 2 of the '416 Patent encompass a method of treating epilepsy comprising administering a therapeutic dose of brivaracetam. In Annora's Notice Letter, Annora has not contested infringement of claims 1 and 2 of the '416 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 122 of the Complaint, and therefore cannot respond to Paragraph 122.

123.     **Annora's commercial manufacture, use, offer to sell, or sale of Annora's ANDA Product before the expiration of the '416 Patent would infringe claims 1 and 2 of the '416 Patent under 35 U.S.C. § 271.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 123 of the Complaint, and therefore cannot respond to Paragraph 123.

124.     **UCB is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Annora's**

ANDA to be a date which is not any earlier than the expiration date of the '416 Patent, including any extensions, adjustments, and exclusivities associated with the '416 Patent.

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 124 of the Complaint, and therefore cannot respond to Paragraph 124.

<u>COUNT IV</u>

<u>INFRINGEMENT OF THE '197 PATENT BY APOTEX</u>

125.   **UCB restates, realleges, and incorporates by reference paragraphs 1-124 as if fully set forth herein.**

*ANSWER:* Aurobindo restates, realleges, and incorporates by reference its responses to paragraphs 1-124 as if fully set forth herein.

126.   **On information and belief, Apotex submitted Apotex's ANDA to the FDA, and thereby seeks FDA approval of Apotex's ANDA Product.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 126 of the Complaint, and therefore cannot respond to Paragraph 126.

127.   **Apotex has infringed at least claims 1 and 21 of the '197 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Apotex's ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, and sale of a generic version of Briviact® tablets prior to the expiration of the '197 Patent. At least claims 1 and 21 of the '197 Patent encompass brivaracetam. In Apotex's Notice Letter, Apotex has not contested infringement of claims 1 and 21 of the '197 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 127 of the Complaint, and therefore cannot respond to Paragraph 127.

128.    **Apotex's commercial manufacture, use, offer to sell, or sale of Apotex's ANDA Product before the expiration of the '197 Patent would infringe one or more claims of the '197 Patent, including, but not limited to, claims 1 and 21, under 35 U.S.C. § 271.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 128 of the Complaint, and therefore cannot respond to Paragraph 128.

129.    **UCB is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Apotex's ANDA to be a date which is not any earlier than the expiration date of the '197 Patent, including any extensions, adjustments, and exclusivities associated with the '197 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 129 of the Complaint, and therefore cannot respond to Paragraph 129.

## COUNT V

## INFRINGEMENT OF THE '461 PATENT BY APOTEX

130.    **UCB restates, realleges, and incorporates by reference paragraphs 1-129 as if fully set forth herein.**

*ANSWER:* Aurobindo restates, realleges, and incorporates by reference its responses to paragraphs 1-129 as if fully set forth herein.

131.    **Apotex has infringed claims 1-5 of the '461 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Apotex's ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, and sale of a generic version of Briviact® tablets prior to the expiration of the '461 Patent. Claims 1 and 5 of the '461 Patent encompass brivaracetam, claim 2 of the '461 Patent encompasses pharmaceutical compositions comprising brivaracetam, and claims 3 and 4 of the '461 Patent**

encompass a method of treating epilepsy, among other conditions, comprising administering a therapeutic dose of brivaracetam. In Apotex's Notice Letter, Apotex has not contested infringement of claims 1, 2, and 5 of the '461 Patent.

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 131 of the Complaint, and therefore cannot respond to Paragraph 131.

132. **Apotex's commercial manufacture, use, offer to sell, or sale of Apotex's ANDA Product before the expiration of the '461 Patent would infringe claims 1-5 of the '461 Patent under 35 U.S.C. § 271.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 132 of the Complaint, and therefore cannot respond to Paragraph 132.

133. **UCB is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Apotex's ANDA to be a date which is not any earlier than the expiration date of the '461 Patent, including any extensions, adjustments, and exclusivities associated with the '461 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 133 of the Complaint, and therefore cannot respond to Paragraph 133.

## COUNT VI

## INFRINGEMENT OF THE '416 PATENT BY APOTEX

134. **UCB restates, realleges, and incorporates by reference paragraphs 1-133 as if fully set forth herein.**

*ANSWER:* Aurobindo restates, realleges, and incorporates by reference its responses to paragraphs 1-133 as if fully set forth herein.

135.    **Apotex has infringed claims 1 and 2 of the '416 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Apotex's ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, or sale of a generic version of Briviact® tablets prior to the expiration of the '416 Patent. Claims 1 and 2 of the '416 Patent encompass a method of treating epilepsy comprising administering a therapeutic dose of brivaracetam.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 135 of the Complaint, and therefore cannot respond to Paragraph 135.

136.    **Apotex's commercial manufacture, use, offer to sell, or sale of Apotex's ANDA Product before the expiration of the '416 Patent would infringe claims 1 and 2 of the '416 Patent under 35 U.S.C. § 271.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 136 of the Complaint, and therefore cannot respond to Paragraph 136.

137.    **UCB is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Apotex's ANDA to be a date which is not any earlier than the expiration date of the '416 Patent, including any extensions, adjustments, and exclusivities associated with the '416 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 137 of the Complaint, and therefore cannot respond to Paragraph 137.

## COUNT VII

## INFRINGEMENT OF THE '197 PATENT BY AUROBINDO

138.    **UCB restates, realleges, and incorporates by reference paragraphs 1-137 as if fully set forth herein.**

*ANSWER:* Aurobindo restates, realleges, and incorporates by reference its responses to paragraphs 1-137 as if fully set forth herein.

139. **On information and belief, Aurobindo submitted Aurobindo's ANDA to the FDA, and thereby seeks FDA approval of Aurobindo's ANDA Product.**

*ANSWER:* Admitted.

140. **Aurobindo has infringed at least claims 1 and 21 of the '197 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Aurobindo's ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, and sale of a generic version of Briviact® tablets prior to the expiration of the '197 Patent. At least claims 1 and 21 of the '197 Patent encompass brivaracetam. In Aurobindo's Notice Letter, Aurobindo has not contested infringement of claims 1 and 21 of the '197 Patent.**

*ANSWER:* Denied.

141. **Aurobindo's commercial manufacture, use, offer to sell, or sale of Aurobindo's ANDA Product before the expiration of the '197 Patent would infringe one or more claims of the '197 Patent, including, but not limited to, claims 1 and 21, under 35 U.S.C. § 271.**

*ANSWER:* Denied.

142. **UCB is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Aurobindo's ANDA to be a date which is not any earlier than the expiration date of the '197 Patent, including any extensions, adjustments, and exclusivities associated with the '197 Patent.**

*ANSWER:* Denied.

## COUNT VIII

## INFRINGEMENT OF THE '46! PATENT BY AUROBINDO

143.    **UCB restates, realleges, and incorporates by reference paragraphs 1-142 as if fully set forth herein.**

*ANSWER:* Aurobindo restates, realleges, and incorporates by reference its responses to paragraphs 1-142 as if fully set forth herein.

144.    **Aurobindo has infringed claims 1-5 of the '461 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Aurobindo's ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, and sale of a generic version of Briviact® tablets prior to the expiration of the '461 Patent. Claims 1 and 5 of the '461 Patent encompass brivaracetam, claim 2 of the '461 Patent encompasses pharmaceutical compositions comprising brivaracetam, and claims 3 and 4 of the '461 Patent encompass a method of treating epilepsy, among other conditions, comprising administering a therapeutic dose of brivaracetam. In Aurobindo's Notice Letter, Aurobindo has not contested infringement of claims 1-5 of the '461 Patent.**

*ANSWER:* Denied.

145.    **Aurobindo's commercial manufacture, use, offer to sell, or sale of Aurobindo's ANDA Product before the expiration of the '461 Patent would infringe claims 1-5 of the '461 Patent under 35 U.S.C. § 271.**

*ANSWER:* Denied.

146.    **UCB is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Aurobindo's**

ANDA to be a date which is not any earlier than the expiration date of the '461 Patent, including any extensions, adjustments, and exclusivities associated with the '461 Patent.

*ANSWER:* Denied.

## COUNT IX

## INFRINGEMENT OF THE '197 PATENT BY LUPIN

147.   **UCB restates, realleges, and incorporates by reference paragraphs 1-146 as if fully set forth herein.**

*ANSWER:* Aurobindo restates, realleges, and incorporates by reference its responses to paragraphs 1-146 as if fully set forth herein.

148.   **On information and belief, Lupin submitted Lupin's ANDA to the FDA, and thereby seeks FDA approval of Lupin's ANDA Product.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 148 of the Complaint, and therefore cannot respond to Paragraph 148.

149.   **Lupin has infringed at least claims 1 and 21 of the '197 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Lupin's ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, and sale of a generic version of Briviact® tablets prior to the expiration of the '197 Patent. At least claims 1 and 21 of the '197 Patent encompass brivaracetam. In Lupin's Notice Letter, Lupin has not contested infringement of claims 1 and 21 of the '197 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 149 of the Complaint, and therefore cannot respond to Paragraph 149.

150.   **Lupin's commercial manufacture, use, offer to sell, or sale of Lupin's ANDA Product before the expiration of the '197 Patent would infringe one or more claims of the '197 Patent, including, but not limited to, claims 1 and 21, under 35 U.S.C. § 271.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 150 of the Complaint, and therefore cannot respond to Paragraph 150.

151.   **UCB is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Lupin's ANDA to be a date which is not any earlier than the expiration date of the '197 Patent, including any extensions, adjustments, and exclusivities associated with the '197 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 151 of the Complaint, and therefore cannot respond to Paragraph 151.

## COUNT X

## INFRINGEMENT OF THE '461 PATENT BY LUPIN

152.   **UCB restates, realleges, and incorporates by reference paragraphs 1-151 as if fully set forth herein.**

*ANSWER:* Aurobindo restates, realleges, and incorporates by reference its responses to paragraphs 1-151 as if fully set forth herein.

153.   **Lupin has infringed claims 1-5 of the '461 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Lupin's ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, and sale of a generic version of Briviact® tablets prior to the expiration of the '461 Patent. Claims 1 and 5 of the '461 Patent encompass brivaracetam, claim 2 of the '461 Patent encompasses pharmaceutical compositions comprising brivaracetam, and claims 3 and 4 of the '461 Patent**

encompass a method of treating epilepsy, among other conditions, comprising administering a therapeutic dose of brivaracetam. In Lupin's Notice Letter, Lupin has not contested infringement of claims 1-5 of the '461 Patent.

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 153 of the Complaint, and therefore cannot respond to Paragraph 153.

154.    **Lupin's commercial manufacture, use, offer to sell, or sale of Lupin's ANDA Product before the expiration of the '461 Patent would infringe claims 1-5 of the '461 Patent under 35 U.S.C. § 271.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 154 of the Complaint, and therefore cannot respond to Paragraph 154.

155.    **UCB is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Lupin's ANDA to be a date which is not any earlier than the expiration date of the '461 Patent, including any extensions, adjustments, and exclusivities associated with the '461 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 155 of the Complaint, and therefore cannot respond to Paragraph 155.

## COUNT XI

## INFRINGEMENT OF THE '197 PATENT BY MICRO LABS

156.    **UCB restates, realleges, and incorporates by reference paragraphs 1-155 as if fully set forth herein.**

*ANSWER:* Aurobindo restates, realleges, and incorporates by reference its responses to paragraphs 1-155 as if fully set forth herein.

157.   **On information and belief, Micro Labs submitted Micro Labs's ANDA to the FDA, and thereby seeks FDA approval of Micro Labs's ANDA Product.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 157 of the Complaint, and therefore cannot respond to Paragraph 157.

158.   **Micro Labs has infringed at least claims 1 and 21 of the '197 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Micro Labs's ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, and sale of a generic version of Briviact® intravenous solution prior to the expiration of the '197 Patent. At least claims 1 and 21 of the '197 Patent encompass brivaracetam. In Micro Labs's Notice Letter, Micro Labs has not contested infringement of claims 1 and 21 of the '197 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 158 of the Complaint, and therefore cannot respond to Paragraph 158.

159.   **Micro Labs's commercial manufacture, use, offer to sell, or sale of Micro Labs's ANDA Product before the expiration of the '197 Patent would infringe one or more claims of the '197 Patent, including, but not limited to, claims 1 and 21, under 35 U.S.C. § 271.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 159 of the Complaint, and therefore cannot respond to Paragraph 159.

160.   **UCB is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Micro Labs's ANDA to be a date which is not any earlier than the expiration date of the '197 Patent, including any extensions, adjustments, and exclusivities associated with the '197 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 160 of the Complaint, and therefore cannot respond to Paragraph 160.

<u>COUNT XII</u>

<u>**INFRINGEMENT OF THE '461 PATENT BY MICRO LABS**</u>

161.   **UCB restates, realleges, and incorporates by reference paragraphs 1-160 as if fully set forth herein.**

*ANSWER:* Aurobindo restates, realleges, and incorporates by reference its responses to paragraphs 1-160 as if fully set forth herein.

162.   **Micro Labs has infringed claims 1-5 of the '461 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Micro Labs's ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, and sale of a generic version of Briviact® intravenous solution prior to the expiration of the '461 Patent. Claims 1 and 5 of the '461 Patent encompass brivaracetam, claim 2 of the '461 Patent encompasses pharmaceutical compositions comprising brivaracetam, and claims 3 and 4 of the '461 Patent encompass a method of treating epilepsy, among other conditions, comprising administering a therapeutic dose of brivaracetam. In Micro Labs's Notice Letter, Micro Labs has not contested infringement of claims 1-5 of the '461 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 162 of the Complaint, and therefore cannot respond to Paragraph 162.

163.   **Micro Labs's commercial manufacture, use, offer to sell, or sale of Micro Labs's ANDA Product before the expiration of the '461 Patent would infringe claims 1-5 of the '461 Patent under 35 U.S.C. § 271.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 163 of the Complaint, and therefore cannot respond to Paragraph 163.

164. **UCB is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Micro Labs's ANDA to be a date which is not any earlier than the expiration date of the '461 Patent, including any extensions, adjustments, and exclusivities associated with the '461 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 164 of the Complaint, and therefore cannot respond to Paragraph 164.

## COUNT XIII

### INFRINGEMENT OF THE '416 PATENT BY MICRO LABS

165. **UCB restates, realleges, and incorporates by reference paragraphs 1-164 as if fully set forth herein.**

*ANSWER:* Aurobindo restates, realleges, and incorporates by reference its responses to paragraphs 1-164 as if fully set forth herein.

166. **Micro Labs has infringed claims 1 and 2 of the '416 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Micro Labs's ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, or sale of a generic version of Briviact® intravenous solution prior to the expiration of the '416 Patent. Claims 1 and 2 of the '416 Patent encompass a method of treating epilepsy comprising administering a therapeutic dose of brivaracetam. In Micro Labs's Notice Letter, Micro Labs has not contested infringement of claims 1 and 2 of the '416 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 166 of the Complaint, and therefore cannot respond to Paragraph 166.

167.   **Micro Labs's commercial manufacture, use, offer to sell, or sale of Micro Labs's ANDA Product before the expiration of the '416 Patent would infringe claims 1 and 2 of the '416 Patent under 35 U.S.C. § 271.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 167 of the Complaint, and therefore cannot respond to Paragraph 167.

168.   **UCB is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Micro Labs's ANDA to be a date which is not any earlier than the expiration date of the '416 Patent, including any extensions, adjustments, and exclusivities associated with the '416 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 168 of the Complaint, and therefore cannot respond to Paragraph 168.

## COUNT XIV

## INFRINGEMENT OF THE '197 PATENT BY MSN

169.   **UCB restates, realleges, and incorporates by reference paragraphs 1-168 as if fully set forth herein.**

*ANSWER:* Aurobindo restates, realleges, and incorporates by reference its responses to paragraphs 1-168 as if fully set forth herein.

170.   **On information and belief, MSN submitted MSN's ANDAs to the FDA, and thereby seeks FDA approval of MSN's ANDA Products.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 170 of the Complaint, and therefore cannot respond to Paragraph 170.

171.   **MSN has infringed at least claims 1 and 21 of the '197 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting MSN's ANDAs with a Paragraph IV certification and thereby**

seeking FDA approval for the commercial manufacture, use, offer to sell, and sale of generic versions of Briviact® tablets, oral solution, and intravenous solution, prior to the expiration of the '197 Patent. At least claims 1 and 21 of the '197 Patent encompass brivaracetam. In MSN's Notice Letters, MSN has not contested infringement of claims 1 and 21 of the '197 Patent.

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 171 of the Complaint, and therefore cannot respond to Paragraph 171.

172.   **MSN's commercial manufacture, use, offer to sell, or sale of MSN's ANDA Products before the expiration of the '197 Patent would infringe one or more claims of the '197 Patent, including, but not limited to, claims 1 and 21, under 35 U.S.C. § 271.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 172 of the Complaint, and therefore cannot respond to Paragraph 172.

173.   **UCB is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for MSN's ANDAs to be a date which is not any earlier than the expiration date of the '197 Patent, including any extensions, adjustments, and exclusivities associated with the '197 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 173 of the Complaint, and therefore cannot respond to Paragraph 173.

## COUNT XV

## INFRINGEMENT OF THE '461 PATENT BY MSN

174.   **UCB restates, realleges, and incorporates by reference paragraphs 1-173 as if fully set forth herein.**

*ANSWER:* Aurobindo restates, realleges, and incorporates by reference its responses to paragraphs 1-173 as if fully set forth herein.

175.   **MSN has infringed claims 1-5 of the '461 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting MSN's ANDAs with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, and sale of generic versions of Briviact® tablets, oral solution, and intravenous solution, prior to the expiration of the '461 Patent. Claims 1 and 5 of the '461 Patent encompass brivaracetam, claim 2 of the '461 Patent encompasses pharmaceutical compositions comprising brivaracetam, and claims 3 and 4 of the '461 Patent encompass a method of treating epilepsy, among other conditions, comprising administering a therapeutic dose of brivaracetam. In MSN's Notice Letters, MSN has not contested infringement of claims 1, 2, and 5 of the '461 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 175 of the Complaint, and therefore cannot respond to Paragraph 175.

176.   **MSN's commercial manufacture, use, offer to sell, or sale of MSN's ANDA Products before the expiration of the '461 Patent would infringe claims 1-5 of the '461 Patent under 35 U.S.C. § 271.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 176 of the Complaint, and therefore cannot respond to Paragraph 176.

177.   **UCB is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for MSN's ANDAs to be a date which is not any earlier than the expiration date of the '461 Patent, including any extensions, adjustments, and exclusivities associated with the '461 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 177 of the Complaint, and therefore cannot respond to Paragraph 177.

### COUNT XVI

### INFRINGEMENT OF THE '416 PATENT BY MSN

178.   **UCB restates, realleges, and incorporates by reference paragraphs 1-177 as if fully set forth herein.**

*ANSWER:* Aurobindo restates, realleges, and incorporates by reference its responses to paragraphs 1-177 as if fully set forth herein.

179.   **MSN has infringed claims 1 and 2 of the '416 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting MSN's ANDAs with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, or sale of generic versions of Briviact® tablets, oral solution, and intravenous solution, prior to the expiration of the '416 Patent. Claims 1 and 2 of the '416 Patent encompass a method of treating epilepsy comprising administering a therapeutic dose of brivaracetam.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 179 of the Complaint, and therefore cannot respond to Paragraph 179.

180.   **MSN's commercial manufacture, use, offer to sell, or sale of MSN's ANDA Products before the expiration of the '416 Patent would infringe claims 1 and 2 of the '416 Patent under 35 U.S.C. § 271.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 180 of the Complaint, and therefore cannot respond to Paragraph 180.

181.   **UCB is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for MSN's ANDAs**

to be a date which is not any earlier than the expiration date of the '416 Patent, including any extensions, adjustments, and exclusivities associated with the '416 Patent.

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 181 of the Complaint, and therefore cannot respond to Paragraph 181.

## COUNT XVII

## INFRINGEMENT OF THE '197 PATENT BY ZYDUS

182.   **UCB restates, realleges, and incorporates by reference paragraphs 1-181 as if fully set forth herein.**

*ANSWER:* Aurobindo restates, realleges, and incorporates by reference its responses to paragraphs 1-181 as if fully set forth herein.

183.   **On information and belief, Zydus submitted Zydus's ANDA to the FDA, and thereby seeks FDA approval of Zydus's ANDA Product.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 183 of the Complaint, and therefore cannot respond to Paragraph 183.

184.   **Zydus has infringed at least claims 1 and 21 of the '197 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Zydus's ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, and sale of a generic version of Briviact® tablets prior to the expiration of the '197 Patent. At least claims 1 and 21 of the '197 Patent encompass brivaracetam. In Zydus's Notice Letter, Zydus has not contested infringement of claims 1 and 21 of the '197 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 184 of the Complaint, and therefore cannot respond to Paragraph 184.

185.    **Zydus's commercial manufacture, use, offer to sell, or sale of Zydus's ANDA Product before the expiration of the '197 Patent would infringe one or more claims of the '197 Patent, including, but not limited to, claims 1 and 21, under 35 U.S.C. § 271.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 185 of the Complaint, and therefore cannot respond to Paragraph 185.

186.    **UCB is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Zydus's ANDA to be a date which is not any earlier than the expiration date of the '197 Patent, including any extensions, adjustments, and exclusivities associated with the '197 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 186 of the Complaint, and therefore cannot respond to Paragraph 186.

<u>**COUNT XVIII**</u>

<u>**INFRINGEMENT OF THE '461 PATENT BY ZYDUS**</u>

187.    **UCB restates, realleges, and incorporates by reference paragraphs 1-186 as if fully set forth herein.**

*ANSWER:* Aurobindo restates, realleges, and incorporates by reference its responses to paragraphs 1-186 as if fully set forth herein.

188.    **Zydus has infringed claims 1-5 of the '461 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Zydus's ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, and sale of a generic version of Briviact® tablets, prior to the expiration of the '461 Patent. Claims 1 and 5 of the '461 Patent encompass brivaracetam, claim 2 of the '461 Patent encompasses pharmaceutical compositions comprising brivaracetam, and claims 3 and 4 of the '461 Patent**

encompass a method of treating epilepsy, among other conditions, comprising administering a therapeutic dose of brivaracetam. In Zydus's Notice Letter, Zydus has not contested infringement of claim 5 of the '461 Patent.

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 188 of the Complaint, and therefore cannot respond to Paragraph 188.

189.    **Zydus's commercial manufacture, use, offer to sell, or sale of Zydus's ANDA Product before the expiration of the '461 Patent would infringe claims 1-5 of the '461 Patent under 35 U.S.C. § 271.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 189 of the Complaint, and therefore cannot respond to Paragraph 189.

190.    **UCB is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Zydus's ANDA to be a date which is not any earlier than the expiration date of the '461 Patent, including any extensions, adjustments, and exclusivities associated with the '461 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 190 of the Complaint, and therefore cannot respond to Paragraph 190.

## COUNT XIX

## INFRINGEMENT OF THE '416 PATENT BY ZYDUS

191.    **UCB restates, realleges, and incorporates by reference paragraphs 1-190 as if fully set forth herein.**

*ANSWER:* Aurobindo restates, realleges, and incorporates by reference its responses to paragraphs 1-190 as if fully set forth herein.

192.    **Zydus has infringed claims 1 and 2 of the '416 Patent under 35 U.S.C. § 271(e)(2)(A) by submitting Zydus's ANDA with a Paragraph IV certification and thereby seeking FDA approval for the commercial manufacture, use, offer to sell, or sale of a generic version of Briviact® tablets prior to the expiration of the '416 Patent. Claims 1 and 2 of the '416 Patent encompass a method of treating epilepsy comprising administering a therapeutic dose of brivaracetam. In Zydus's Notice Letter, Zydus has not contested infringement of claims 1 and 2 of the '416 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 192 of the Complaint, and therefore cannot respond to Paragraph 192.

193.    **Zydus's commercial manufacture, use, offer to sell, or sale of Zydus's ANDA Product before the expiration of the '416 Patent would infringe claims 1 and 2 of the '416 Patent under 35 U.S.C. § 271.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 193 of the Complaint, and therefore cannot respond to Paragraph 193.

194.    **UCB is entitled to the relief provided by 35 U.S.C. § 271(e)(4), including, *inter alia*, an order of this Court that the FDA set the effective date of approval for Zydus's ANDA to be a date which is not any earlier than the expiration date of the '416 Patent, including any extensions, adjustments, and exclusivities associated with the '416 Patent.**

*ANSWER:* Aurobindo lacks sufficient knowledge to form a belief as to Paragraph 194 of the Complaint, and therefore cannot respond to Paragraph 194.

## UCB'S REQUEST FOR RELIEF

**WHEREFORE, UCB prays for a judgment in its favor and against Defendants and respectfully requests the following relief:**

(A)     A judgment that Annora has infringed one or more claims of each of the Patents- in-Suit under 35 U.S.C. § 271(e)(2) by submitting ANDA No. 214831;

(B)     A judgment that the commercial manufacture, use, offer to sell, or sale, or importation into the United States, of Annora's ANDA Product, or inducing or contributing to such conduct, would constitute infringement of the Patents-in-Suit pursuant to 35 U.S.C. § 271;

(C)     A judgment that Apotex has infringed one or more claims of each of the Patents- in-Suit under 35 U.S.C. § 271(e)(2) by submitting ANDA No. 214875;

(D)     A judgment that the commercial manufacture, use, offer to sell, or sale, or importation into the United States, of Apotex's ANDA Product, or inducing or contributing to such conduct, would constitute infringement of the Patents-in-Suit pursuant to 35 U.S.C. § 271;

(E)     A judgment that Aurobindo has infringed one or more claims of each of the '197 and '461 Patents under 35 U.S.C. § 271(e)(2) by submitting ANDA No. 214848;

(F)     A judgment that the commercial manufacture, use, offer to sell, or sale, or importation into the United States, of Aurobindo's ANDA Product, or inducing or contributing to such conduct, would constitute infringement of the '197 and '461 Patents pursuant to 35 U.S.C. § 271;

(G)     A judgment that Lupin has infringed one or more claims of each of the '197 and '461 Patents under 35 U.S.C. § 271(e)(2) by submitting ANDA No. 214918;

(H)     A judgment that the commercial manufacture, use, offer to sell, or sale, or importation into the United States, of Lupin's ANDA Product, or inducing or contributing

to such conduct, would constitute infringement of the '197 and '461 Patents pursuant to 35 U.S.C. § 271;

(I)     A judgment that Micro Labs has infringed one or more claims of each of the Patents-in-Suit under 35 U.S.C. § 271(e)(2) by submitting ANDA No. 214880;

(J)     A judgment that the commercial manufacture, use, offer to sell, or sale, or importation into the United States, of Micro Labs's ANDA Product, or inducing or contributing to such conduct, would constitute infringement of the Patents-in-Suit pursuant to 35 U.S.C. § 271;

(K)     A judgment that MSN has infringed one or more claims of each of the Patents-in- Suit under 35 U.S.C. § 271(e)(2) by submitting ANDA Nos. 214922, 214924, and 214921;

(L)     A judgment that the commercial manufacture, use, offer to sell, or sale, or importation into the United States, of MSN's ANDA Products, or inducing or contributing to such conduct, would constitute infringement of the Patents-in-Suit pursuant to 35 U.S.C. § 271;

(M)     A judgment that Zydus has infringed one or more claims of each of the Patents-in- Suit under 35 U.S.C. § 271(e)(2) by submitting ANDA No. 214501;

(N)     A judgment that the commercial manufacture, use, offer to sell, or sale, or importation into the United States, of Zydus's ANDA Product, or inducing or contributing to such conduct, would constitute infringement of the Patents-in-Suit pursuant to 35 U.S.C. § 271;

(O)     Entry of preliminary and permanent injunctions enjoining Defendants, their officers, agents, employees, parents, affiliates, and subsidiaries, and all persons and entities acting in active concert or participation with any of them or on their behalf, from

commercially manufacturing, using, offering for sale, or selling Defendants' ANDA Products within the United States, or importing Defendants' ANDA Products into the United States, until the expiration of the Patents-in-Suit, including any extensions, adjustments, and exclusivities applicable to the Patents-in-Suit, and from otherwise infringing the claims of the Patents-in-Suit;

(P)     An order that the effective date of any approval of any of Defendants' ANDAs be a date that is not earlier than the expiration of the Patents-in-Suit, including any extensions, adjustments, and exclusivities associated with the Patents-in-Suit;

(Q)     An award of damages or other monetary relief, together with interest, pursuant to 35 U.S.C. § 271(e)(4)(C), if Defendants engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Defendants' ANDA Products, or any product that infringes the Patents-in-Suit, or induces or contributes to such conduct, prior to the expiration of the Patents- in-Suit including any extensions, adjustments, and exclusivities applicable to the Patents-in-Suit;

(R)     A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to UCB its reasonable attorneys' fees;

(S)     Awarding UCB its costs and expenses in this action; and

(T)     Granting any and all other relief as the Court deems just and proper.

*ANSWER TO PLAINTIFF'S PRAYER FOR RELIEF:* Aurobindo lacks sufficient knowledge to form a belief as to those paragraphs in Plaintiff's Prayer for Relief as directed towards other Defendants, and therefore cannot respond to those paragraphs. Paragraphs A through T state Plaintiff's Prayer for Relief for which no response is required. To the extent a response is required, Aurobindo denies the allegations contained in Plaintiff's Prayer for Relief and deny that Plaintiff

is entitled to any of the relief requested, or to any relief whatsoever. Aurobindo specifically denies that Plaintiff is entitled to the general or specific relief requested against Aurobindo, or to any relief whatsoever, and pray for judgment in favor of Aurobindo dismissing this action with prejudice, and awarding Aurobindo its reasonable attorneys' fees.

## AFFIRMATIVE DEFENSES

Aurobindo asserts the following defenses without prejudice to the denials in this Answer, without admitting any allegations of the Complaint not otherwise admitted.

### FIRST AFFIRMATIVE DEFENSE (FAILURE TO STATE A CLAIM)

Plaintiff's Complaint, in whole or in part, fails to state claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE
## (INVALIDITY AND UNENFORCEABILITY)

United States Patent No. 6,784,197 ("the '197 patent") and United States Patent No. 6,911,461 ("the '461 patent") (collectively, the "Patents-in-Suit"), and each of the claims thereof, are invalid and/or unenforceable for failure to comply with one or more conditions for patentability and/or enforceability as set forth in one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or under other judicially-created bases for invalidity and/or unenforceability, as more particularly set forth in the Notice Letter ("Aurobindo's Notice Letter") sent in respect to Aurobindo's Paragraph IV Certifications ("Aurobindo's Paragraph IV Certifications").

## THIRD AFFIRMATIVE DEFENSE
## (NO DIRECT INFRINGEMENT)

As detailed in the Detailed Statement of Aurobindo's Notice Letter, Aurobindo does not infringe literally any valid and enforceable claim of the Patents-in-Suit and thus cannot be said to literally infringe the same. As no equivalent can be found in Aurobindo's proposed product for the

missing elements of any of the claims of the Patents-in-Suit, there can be no infringement under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE
## (NO INDIRECT INFRINGEMENT)

Aurobindo has not, does not, and will not induce the infringement of, or contribute to the infringement of, any valid and enforceable claim of the Patents-in-Suit, and the manufacturing, marketing, sale, offer for sale, importation, and/or distribution of the Aurobindo ANDA product does not induce the infringement of, or contribute to the infringement of, any valid and enforceable claim of the Patents-in-Suit.

## FIFTH AFFIRMATIVE DEFENSE (NO COSTS)

Plaintiff is barred by 35 U.S.C. § 288 from recovering any costs associated with this suit.

## SIXTH AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM OF WILFULNESS)

Plaintiff fails to state a proper claim for willful infringement or exceptional case under 35 §§ 271(e)(4) and 285, or otherwise.

## SEVENTH AFFIRMATIVE DEFENSE
## (RESERVATION OF RIGHTS)

Aurobindo reserves the right to assert additional defenses or counterclaims that discovery may reveal.

## COUNTERCLAIMS OF AUROBINDO

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Aurobindo Pharma USA Inc. on behalf of itself, and its parent Aurobindo Pharma Ltd., ("Aurobindo" or "Counterclaim-

Plaintiff"), through its undersigned attorneys, for its Counterclaims against UCB Biopharma SRL

and UCB, Inc. (together, "UCB" or "Counterclaim-Defendant"), hereby state the following:

1.      Counterclaim-Plaintiff repeats and incorporates by reference each of the

foregoing paragraphs of Aurobindo's Answer and Affirmative Defenses to the Complaint.

2.      This is an action for a declaratory judgment of non-infringement and invalidity of

the claims of United States Patent No. 6,784,197 ("the '197 patent") and United States Patent No.

6,911,461 ("the '461 patent") (collectively, the "Patents-in-Suit"). Upon information and belief,

true and correct copies of the Patents-in-Suit are attached to the Complaint as Exhibits A and B.

## THE PARTIES

3.      Aurobindo Pharma U.S.A. Inc. is a corporation organized and existing under the

laws of Delaware, having a place of business at 279 Princeton-Hightstown Rd., East Windsor, NJ

08520-1401 USA.

4.      On information and belief, based on the complaint filed by Plaintiff

/Counterclaim-Defendant in this case, UCB Biopharma SRL is a corporation organized and

existing under the laws of Belgium, and has an office and place of business at Allée de la

Recherche 60, B-1070 Brussels, Belgium.

5.      On information and belief, based on the complaint filed by Plaintiff

/Counterclaim-Defendant in this case, Plaintiff UCB, Inc. is a corporation organized and existing

under the laws of the State of Delaware with its principal place of business at 1950 Lake Park

Drive, Smyrna, Georgia 30080.

## JURISDICTION AND VENUE

6.      This court has subject matter jurisdiction over these Counterclaims for declaratory

judgment pursuant to 28 U.S.C. §§ 1331, 1337(a), 1338(a), 2201(a) and (b), and 2202, based

on an actual controversy between Counterclaim-Plaintiffs, on the one hand, and Counterclaim-Defendant on the other hand, arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

7.      This court has personal jurisdiction over Counterclaim-Defendant based, *inter alia,* on the filing by Counterclaim-Defendant of this lawsuit in this jurisdiction and because Counterclaim-Defendant is doing business in this jurisdiction.

8.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## ORANGE BOOK LISTING OF THE PATENTS

9.      The Hatch-Waxman Amendments to the Food, Drug and Cosmetic Act require NDA holders to disclose to the FDA the patent numbers and expiration dates of those patents that the holder believes claim the "drug" for which their NDA is submitted, or patents covering a "method of using such drug." 21 U.S.C. §§ 355(b)(1) and (c)(2).

10.      On information and belief, on August 31, 2004, the U.S. Patent and Trademark Office ("PTO") issued the '197 Patent.  On information and belief, a true and correct copy of the '197 Patent is attached to the Complaint as Exhibit A.

11.      On information and belief, on June 28, 2005, the U.S. Patent and Trademark Office issued the '461 Patent.  On information and belief, a true and correct copy of the '461 Patent is attached to the Complaint as Exhibit B.

12.      On information and belief, pursuant to 21 U.S.C. §§ 355(b)(l), Counterclaim-Defendant caused the FDA to list the Patents-In-Suit in the Orange Book in connection with NDA Nos. 205836, 205837, and 205838 in respect of the brand name product BRIVIACT® (generic name brivaracetam) ("BRIVIACT® NDAs").

13.     By maintaining the listings of the Patents-in-Suit in the Orange Book, Counterclaim-Defendant represents to the world that the Patents-In-Suit could reasonably be asserted if a person not licensed by the owner engaged in the manufacture, use, or sale (21 U.S.C. § 355(b)(l)) of the respective brand name product before the expiration of the Patents-in-Suit.

## AUROBINDO'S ABBREVIATED NEW DRUG APPLICATION

14.     Aurobindo filed ANDA No. 214848 ("Aurobindo's ANDA") with the FDA seeking approval to market generic brivaracetam, intended to be a generic version of BRIVIACT®. Aurobindo's ANDA included a Paragraph IV Certification to the Patents-in-Suit, certifying that to the best of its knowledge that all of the claims of the Patents-in-Suit are invalid, unenforceable, and/or will not be infringed by the manufacture, use, sale, offer to sell, and/or importation of the product described in Aurobindo's ANDA.

## THE PRESENCE OF A CASE OR CONTROVERSY

15.     By maintaining the Orange Book listing of the Patents-in-Suit in connection with the BRIVIACT®, Counterclaim-Defendant represents that the Patents-in-Suit could reasonably be asserted against anyone making, using or selling a generic brivaracetam product, intended to be generic version of BRVIACT®, without a license from the Counterclaim-Defendant prior to the expiration of the Patents-in-Suit.

16.     Counterclaim-Defendant has filed an infringement action under Title 35, United States Code, Sections 100 et seq., asserting the Patents-In-Suit against Counterclaim-Plaintiffs and seeking a declaration of infringement regarding the Patents-In-Suit.  There has been, and is now, an actual and justiciable controversy between Counterclaim-Plaintiffs on the one hand, and Counterclaim-Defendant, on the other hand, as to whether the products disclosed in Aurobindo's

ANDA infringe the Patents-In-Suit, and whether any valid, enforceable claim in the Patents-in-Suit exists.

17.     Aurobindo seeks to market a generic brivaracetam product that is the subject of Aurobindo's ANDA in the United States prior to the expiration of the Patents-In-Suit.

18.     If Counterclaim-Plaintiff succeeds in proving that its generic brivaracetam tablets that are the subject of Aurobindo's ANDA do not infringe the Patents-in-Suit or claims are invalid or unenforceable, and thus non-infringing, such a judgment will remove any uncertainty that may exist by virtue of Counterclaim-Defendant's maintenance of the Patents-In-Suit in the Orange Book in connection with the BRIVIACT® NDA.

19.     In light of all the circumstances, an actual substantial and continuing justiciable controversy having sufficient immediacy and reality to warrant the issuance of a declaration of rights by the Court exists between Counterclaim-Defendant and Counterclaim-Plaintiffs as to whether the claims of the Patents-in-Suit are invalid and/or not infringed by Counterclaim-Plaintiffs.

## COUNT I

## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT <u>OF THE PATENTS-IN-SUIT)</u>

20.     Counterclaim-Plaintiffs repeat and incorporate by reference Paragraphs 1-20 of their Counterclaims, as if fully set forth herein.

21.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.,* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists

between Counterclaim-Plaintiff and Counterclaim-Defendant concerning the Patents-in-Suit and the claims of the Patents-in-Suit.

22.     Counterclaim-Defendant alleges that the commercial manufacture, use, offer for sale, sale, and/or importation of Counterclaim-Plaintiff's generic brivaracetam product that is the subject of Aurobindo's ANDA infringes one or more claims of the Patents-In-Suit.

23.     Counterclaim-Plaintiff asserts that no valid claim of the Patents-In-Suit is infringed by the manufacture, use, offer for sale, sale, and/or importation of generic brivaracetam product that is the subject of Aurobindo's ANDA.

24.     Counterclaim-Plaintiff is entitled to a declaration that the manufacture, use, offer for sale, sale, and/or importation of Counterclaim-Plaintiff's generic brivaracetam product that is the subject of Aurobindo's ANDA, does not infringe any valid claim of the Patents-In-Suit.

## COUNT II

## (DECLARATORY JUDGMENT OF INVALIDITY OF THE PATENTS-IN-SUIT)

25.     Counterclaim-Plaintiff repeats and incorporates by reference Paragraphs 1-24 of their Counterclaims, as if fully set forth herein.

26.     This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.,* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  A case of actual, substantial, and continuing justiciable controversy having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaration of rights by this Court exists between Counterclaim-Plaintiff and Counterclaim-Defendant concerning the claims of the Patents-in-Suit.

27.     Counterclaim Defendant alleges that the commercial manufacture, use, offer for sale, sale, and/or importation of Counterclaim-Plaintiff's generic brivaracetam product that is the subject of Aurobindo's ANDA, infringes one or more claims of the Patents-in-Suit.

28.     Counterclaim-Plaintiff asserts that the manufacture, use, offer-for-sale, sale, and/or importation of Counterclaim-Plaintiff's generic brivaracetam product that is the subject of Aurobindo's ANDA does not infringe any valid claim of the Patents-in-Suit, and that the claims of the Patents-in-Suit are invalid under one or more provisions of 35 U.S.C. §§ 101, 103, 103, or 112, or other judicially-created bases for invalidation, for all the reasons set forth in the Notice Letter regarding Aurobindo's ANDA.

29.     Counterclaim-Plaintiffs are entitled to a declaration that the claims of the Patents-in-Suit are invalid under one or more provisions of 35 U.S.C. §§ 101, 103, 103, or 112, or other judicially-created bases for invalidation.

## PRAYER FOR RELIEF

**WHEREFORE**, Counterclaim-Plaintiff respectfully requests that the Court enter judgment in its favor and against Counterclaim-Defendant as follows:

a.     Denying Counterclaim-Defendant's claims and dismissing Plaintiff's Complaint with prejudice.

b.     For a declaration that the claims of the Patents-in-Suit are invalid;

c.     For a declaration that the claims of the Patents-in-Suit are not, and will not be, infringed by Counterclaim-Plaintiffs' manufacture, use, sale, offer for sale, or importation of the generic brivaracetam product that is the subject of Aurobindo's ANDA;

d.     Preliminarily and permanently enjoining Counterclaim-Defendant, its officers,

agents, servants, employees, attorneys, and any person who acts in concert or participation with Counterclaim-Defendant, from utilizing the Patents-in-Suit to block, hamper, hinder or obstruct FDA approval of Counterclaim-Plaintiffs' proposed product;

e.      Permanently enjoining Counterclaim-Defendant, its officers, agents, servants, employees, attorneys, and any person who acts in concert or participation with Counterclaim-Defendant, from asserting or otherwise seeking to enforce the Patents-in-Suit against Counterclaim-Plaintiffs or anyone in privity with Counterclaim-Plaintiffs;

f.      Declaring this case exceptional and awarding Counterclaim-Plaintiffs their attorneys' fees pursuant to 35 U.S.C. § 285, the inherent power of this Court, or otherwise;

g.      Awarding costs to Counterclaim-Plaintiffs; and

h.      Awarding to Counterclaim-Plaintiffs any other such and further relief as is just and proper.

Dated: October 6, 2020

                               */s/ Kenneth L. Dorsney*

                               Kenneth L. Dorsney (#3726)
                               MORRIS JAMES LLP
                               500 Delaware Avenue, Suite 1500
                               Wilmington, Delaware 19801
                               Phone: (302) 888-6800
                               kdorsney@morrisjames.com

                               *Of Counsel:*

                               Steven J. Moore
                               James E. Nealon
                               WITHERS BERGMAN LLP
                               1700 East Putnam Avenue, Suite 400
                               Greenwich, Connecticut 06870-1366
                               Phone: (203) 302-4100
                               Fax: (203) 302-6611
                               steven.moore@withersworldwide.com
                               james.nealon@withersworldwide.com

                               *Attorneys for Defendant/Counterclaim-Plaintiff*
                               *Aurobindo Pharma USA Inc.*