IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UCB, INC. and UCB BIOPHARMA SRL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | C.A. No. 20-987 (CFC) |
| ) | **CONSOLIDATED** |
| ANNORA PHARMA PRIVATE LIMITED, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**UCB, INC. AND UCB BIOPHARMA SRL'S NOTICE OF RULE 30(B)(6) DEPOSITION TO ANNORA PHARMA PRIVATE LIMITED**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6) and the applicable Local Rules of the United States District Court for the District of Delaware, Plaintiffs UCB, Inc. and UCB BioPharma SRL (collectively, "UCB"), by their attorneys, will take the deposition upon oral examination of Annora Pharma Private Limited ("Annora"), which shall designate one or more of its officers, directors, managing agents, or other persons who consent to testify on its behalf about the topics set forth in the attached Schedule A.

The deposition will commence on a date to be agreed upon by the parties at a location to be agreed upon by the parties. Annora should also inform Plaintiff as of the time of scheduling whether a witness will give testimony in a foreign language and if an interpreter/translator is needed for all or portions of the deposition. The deposition will take place upon oral examination pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Delaware, and the July 7, 2021 Scheduling Order, and before an officer duly authorized by law to administer oaths and record testimony. The deposition will be recorded by stenographic means and

will also be videotaped. The deposition will continue from day to day if necessary until completed or adjourned.

Separately and for each numbered topic of examination in the attached Schedule A, Annora shall identify to UCB, no later than 7 business days before the date of the deposition, the person(s) designated to testify on Annora's behalf for each numbered topic.

Pursuant to Federal Rules of Civil Procedure 30(b)(2) and 34, Annora is hereby requested to produce, at least 7 business days before the deposition, any and all documents and things in its possession, custody, or control that in any way refer to or concern any of the topics set forth in the attached Schedule A that have not previously been produced to UCB in this action. UCB reserves the right to continue the deposition should Annora fail to produce such documents and things at least 7 days before the deposition.

You are invited to attend and cross-examine.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Megan E. Dellinger*

_____
Jack B. Blumenfeld (#1014)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs UCB, Inc. and UCB Biopharma SRL*

OF COUNSEL:

George F. Pappas
Erica N. Andersen
Philip S. May
Cody J. Reeves
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC  20001-4956
(202) 662-6000

2

Alexa R. Hansen
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, CA  94105-2544
(415) 591-6000

Hangcheng (Robert) Zhou
COVINGTON & BURLING LLP
3500 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA  94306-2112
(650) 632-4700

October 12, 2021

## SCHEDULE A

### Definitions

The Definitions from UCB's First Set of Requests for the Production of Documents and Things (Nos. 1–40) are incorporated by reference.

Notwithstanding any definition set forth below, each word, term, or phrase used in this notice is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. The terms "**You**" and "**Your**" shall refer to Annora Pharma Private Limited.

2. The term "**UCB**" shall refer collectively to UCB, Inc. and UCB BioPharma SRL.

3. The term "**Invalidity Contentions**" shall mean Defendants' May 28, 2021 Invalidity Contentions Regarding U.S. Patent No. 6,911,461.

4. The term "**Your ANDA**" shall mean ANDA No. 214831.

5. The term "**Your ANDA Product**" shall mean the product discussed in Your ANDA.

6. The term "**AED**" shall mean anti-epileptic drug.

7. The terms "**basis**" and "**bases**" shall include all facts and legal authority in support thereof.

8. The terms "**refer to**" and "**referred to**" shall mean mentioning, discussing, reflecting, containing, embodying, stating, dealing with, or making reference to or relating in any way.

### Topics

1. Your first knowledge of BRIVIACT, including but not limited to Your first knowledge of New Drug Application Nos. 205836, 205837, and 205838 for BRIVIACT.

2. The date upon which You first considered whether to develop an AED.

3. The date upon which You first considered whether to develop a generic version of Briviact and the Identity of Person(s) involved in such consideration.

4. The date upon which You or anyone acting on Your behalf began work on any proposed or contemplated generic version of BRIVIACT or a generic version of the product that would be commercialized as BRIVIACT and the Identity of Person(s) involved in such work.

5. The total, and annual, expense incurred or expended by You to date in developing, or seeking regulatory approval to market, any proposed or contemplated generic version of BRIVIACT.

6. Any information used or considered by You in determining whether to develop or seek regulatory approval to market a generic version of BRIVIACT, including but not limited to financial quarterly reports, scientific journals, internal research and development, market research, conferences, academic publications or posters, physician interest, costs, and expert assistance relied upon or considered in making such decision.

7. Your decision, and the reasons and justifications for Your decision, to develop or seek regulatory approval to market a generic version of BRIVIACT, including but not limited to the decision to develop a generic version of BRIVIACT rather than another product with the same or similar FDA-indicated use, and the Identity of Person(s) involved in making such decision.

8. Your decision, and the reasons and justifications for Your decision, to develop or seek regulatory approval to market a generic version of some dosage forms of BRIVIACT as opposed to other dosage forms.

9. Any research and development concerning any proposed or contemplated AED, other than BRIVIACT, regarding any unsuccessful, failed, or abandoned development attempts concerning the same, including but not limited to nonclinical, animal, and clinical studies, literature searches, experiments, testing and analysis.

2

10. Your knowledge regarding how one of ordinary skill would develop a safe, effective, and profitable AED, including what sources one of ordinary skill would consult, and what parameters for the AED one of ordinary skill would deem most important.

11. Any study, analysis, or investigation by or for You of any projected, expected, or potential sales, market share, or market information of any proposed AED, including but not limited to forecasts or projections of market share, market potential, sales, demands, and profits.

12. Any analysis, evaluation, or conclusion by or for You concerning the need in the market for new AEDs as of 2000.

13. Any study, evaluation, or analysis performed by You or on Your behalf concerning the qualities, advantages, or performance of any AED, including BRIVIACT.

14. Your knowledge of documents or information concerning any praise in the industry for BRIVIACT, and the Identity of the Person(s) most knowledgeable about such analysis, evaluation, or conclusion.

15. Your knowledge of documents or information concerning skepticism regarding the efficacy or side-effect profile of brivaracetam or BRIVIACT, and the Identity of the Person(s) most knowledgeable about such analysis, evaluation, or conclusion

16. The terms of any agreement between You and any third party relating to Your ANDA Product or development, manufacture, or supply of any formulation including brivaracetam, including collaboration agreements, supply agreements, invoices, payments; and correspondence among the aforementioned parties regarding the same, and the Identity of the Person(s) most knowledgeable about such agreement(s).

17. Any evaluation, assessment, analysis, or opinion regarding the '461 Patent, including the validity and enforceability thereof.

18. Your knowledge of prior art to the '461 Patent including Your knowledge of the references cited in the Invalidity Contentions.

19. Your Paragraph IV Certification, including (without limitation) all documents considered, analyzed, or evaluated in the process of drafting Your Paragraph IV Certification.

20. The preparation of, research involving, contents of, and decision to send Your Notice Letter to UCB regarding the '461 Patent, including but not limited to the entire "detailed factual . . . basis" for Your Notice Letter as required by 21 U.S.C. § 355(j)(2)(B)(iv)(II).

21. Communications between You and any third parties, including the Food & Drug Administration, regarding Your ANDA Product.

22. Any consideration or analysis of launching Your ANDA Product prior to expiration of the '461 Patent and the final resolution of this litigation, including any appeals, as well as any efforts to pre-sell Your ANDA Product, including estimates or projections of the likely dates of (i) tentative FDA approval and (ii) final FDA approval of Your ANDA Product, and any consideration or analysis of whether or when to market products under Your ANDA.

23. Authentication of documents produced by You in this litigation.

24. Your knowledge regarding the creation of documents produced by You in this litigation, including without limitation whether: (i) the documents were made at or near the time by— or from information transmitted by—a person with knowledge; (ii) the documents were kept in the course of a regularly conducted business activity by You; and (iii) creating the documents was Your regular practice.

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on October 12, 2021, upon the following in the manner indicated:

| | |
|---|---|
| Kenneth L. Dorsney, Esquire<br>MORRIS JAMES LLP<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE  19801<br>*Attorneys for Defendant Annora Pharma Private Limited* | *VIA ELECTRONIC MAIL* |
| Saukshmya Trichi, Esquire<br>Todd S. Werner, Esquire<br>CARLSON CASPERS LLP<br>Capella Tower, Suite 4200<br>225 South Sixth Street<br>Minneapolis, MN  55402<br>*Attorneys for Defendant Annora Pharma Private Limited* | *VIA ELECTRONIC MAIL* |

*/s/ Megan E. Dellinger*

Megan E. Dellinger (#5739)