### MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

---

(302) 658-9200
(302) 658-3989 FAX

**MEGAN E. DELLINGER**
302 351 9366
mdellinger@morrisnichols.com

January 11, 2022

The Honorable Jennifer L. Hall  *VIA ELECTRONIC FILING AND*
United States District Court  *HAND DELIVERY*
  for the District of Delaware
844 North King Street
Wilmington, DE  19801

    Re:   *UCB, Inc., et al. v. Annora Pharma Private Limited, et al.*
           C.A. No. 20-987 (CFC) (JLH)

Dear Judge Hall:

    Plaintiffs UCB Inc. and UCB BioPharma SRL (collectively, "UCB") submit this letter pursuant to the Court's January 6 Oral Order (D.I. 187) in advance of the January 18 telephone conference. UCB seeks the Court's assistance in obtaining discovery from Defendant Zydus Pharmaceuticals (USA) Inc. ("Zydus") regarding Zydus's non-privileged analyses of the validity of U.S. Patent No. 6,911,461 ("the '461 Patent"). UCB respectfully requests that the Court order Zydus to search for and produce any responsive documents as outlined in UCB's Proposed Order, attached as Ex. A.

**I.    Background**

    This is a consolidated Hatch-Waxman Litigation arising from the ANDA submissions of various generic manufacturers—including Zydus—seeking to market generic versions of UCB's Briviact® drug product. Zydus has already stipulated to infringement of all claims of the '461 Patent, which covers Briviact and its active ingredient, brivaracetam. *See* D.I. 90. Zydus contends, however, that those claims are invalid.

    On June 22, 2021, UCB served its First Set of Requests for the Production of Documents and Things (Nos. 1–40). *See* Ex. B. Request for Production No. 14 seeks "[a]ll documents and things concerning or forming the basis of any studies, evaluations, or opinions concerning the scope, validity, or enforceability of the '461 Patent." Ex. B at 11. After an agreed-upon extension of time, Zydus served its responses on August 5, 2021. *See* Ex. C. Zydus interposed various

The Honorable Jennifer L. Hall
January 11, 2022
Page 2

objections, ultimately stating that "Zydus does not currently intend to produce any documents or things in response to this Request." Ex. C at 22.

After exchanging letters, the parties met and conferred on September 30, 2021 regarding Request No. 14, among other requests. UCB explained that it was only interested in non-privileged analyses of validity, and documents informing those non-privileged analyses, to the extent such documents exist. UCB offered not to pursue Request No. 14 if Zydus would represent that there were no non-privileged documents responsive to the request. Zydus "agreed to report back regarding whether any non-privileged documents exist that are responsive to [Request No. 14]," and UCB confirmed its understanding of Zydus's agreement in writing after the meet and confer. Ex. D at 4 (10/8/21 email Kelly to Turpin).

Despite several follow-up emails, Zydus did not respond until December 13, 2021—more than nine weeks later and only four days before the close of fact discovery. Ex. D at 1 (12/31/21 email Turpin to Kelly). Zydus's response indicated that in the two months since the parties' September 30, 2021 meet and confer, Zydus had undertaken *no* effort to even investigate whether there were non-privileged documents responsive to Request No. 14—reneging on the agreement reached during the September meet and confer. *Id.* When the parties met and conferred again on December 15, 2021, UCB reiterated its offer not to pursue Request No. 14 if Zydus would represent that there were no non-privileged documents responsive to Request No. 14 (as Zydus had originally agreed). Zydus refused, instead taking the position that analyses of the validity of the '461 Patent—the only issue raised with respect to the only patent at issue in this lawsuit—are irrelevant and that it would be unduly burdensome and disproportionate to the needs of the case to even make a reasonable inquiry into whether there are non-privileged documents responsive to Request No. 14. *See* Ex. D at 1 (12/31/21 email Turpin to Kelly).

**II.     Argument**

The requested documents are facially relevant: The only issue in this litigation is the validity of the '461 Patent. *See* D.I. 57 at 28–29. There can be no reasonable dispute that if Zydus has non-privileged analyses related to the validity of the '461 Patent, then those analyses are relevant. *See Limestone Memory Sys. LLC v. Micron Tech., Inc.*, No. CV-15-0278, D.I. 218, at 9–12 (C.D. Cal. June 10, 2019) (Ex. E) (ordering production of a validity search report and accompanying emails when there was no evidence that counsel was involved in their creation); *Boldstar Tech. v. Home Depot, U.S.A. Inc.*, No. 07-80435, 2008 WL 11320007, at *7 (S.D. Fla. June 5, 2008) (concluding that requests for "opinions, investigations, studies or analyses as to the issue of patent invalidity or potential invalidity, enforceability, or infringement" of the asserted patent were not overbroad and not unduly burdensome, but subject to privilege objections). To the extent any non-privileged analysis exists, it would go to the heart of Zydus's defense.

With relevance established, the inquiry shifts to Zydus's complaint of undue burden. Zydus attempts to shift its burden to UCB by asserting that UCB must identify reasons why Zydus would have these documents before Zydus will agree to look. But such burden shifting is not the standard, and for good reason—UCB has no understanding as to the internal processes of Zydus and what documents may or may not be within Zydus's possession, custody, or control.

The Honorable Jennifer L. Hall
January 11, 2022
Page 3

This is not, however, a "fishing expedition." UCB is seeking the types of documents that have specifically been cited by judges on this Court as bearing on the ultimate determination of validity. *See, e.g.*, *Reckitt Benckiser Pharm. Inc. v. Dr. Reddy's Labs. S.A.*, C.A. No. 14-1451-RGA, 2017 WL 3837312, at *19–20 (D. Del. Aug. 31, 2017) (giving "some weight" to a generic defendants' internal memorandum praising the brand's patent application as having an "advantageous factor which was not appreciated by the prior arts," and ultimately finding the patent valid), *aff'd sub nom. Indivior Inc. v. Dr. Reddy's Labs. S.A.*, 930 F.3d 1325 (Fed. Cir. 2019).

Zydus's failure to even "attempt[] to locate the relevant documents or determine the number of responsive documents" undermines its objections of undue burden. *See* Oral Order, *CyDex Pharm., Inc. v. Teva Pharm. USA, Inc.*, C.A. No. 17-1832-LPS-JLH, D.I. 106 (D. Del. Aug. 15, 2019) (Ex. F). If, for example, Zydus were to actually search for the documents and discover that there were a large number of documents relevant to Zydus's invalidity analyses, but the vast majority were privileged, this might justify Zydus's response to Request No. 14. But Zydus has not even made the reasonable inquiry required under Fed. R. Civ. P. 26(g) into whether there are responsive documents, let alone examined whether or not those documents are privileged. The burden of undertaking this reasonable inquiry is minimal; Zydus's outside counsel merely needs to investigate with its client whether there are any non-privileged analyses of the validity of the '461 Patent. If the good-faith answer to that question is no, that would dispose of the issue, as UCB has already stated—multiple times—that it would not then pursue Request No. 14. But Zydus's counsel cannot summarily state, without doing at least some modicum of investigation, such as *asking its client*, that even the act of determining whether it has responsive documents is an undue burden.

### III.    Conclusion

UCB respectfully requests that Zydus be ordered to search for and produce any non-privileged documents responsive to UCB's Request for Production No. 14

Respectfully,

*/s/ Megan E. Dellinger*

Megan E. Dellinger (#5739)

MED/bac
Attachments

cc:     All Counsel of Record (via electronic mail; w/attachments)