

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Pilar G. Kraman**
P 302.576.3586
pkraman@ycst.com

January 14, 2022

<u>**VIA CM/ECF AND HAND DELIVERY**</u>

The Honorable Jennifer L. Hall
United States District Court
for the District of Delaware
844 North King Street
Wilmington, DE 19801

   Re: *UCB, Inc., et al. v. Annora Pharma Private Limited, et al.,*
      C.A. No. 20-987-CFC

Dear Judge Hall:

  Defendant Zydus Pharmaceuticals (USA) Inc. writes in response to Plaintiffs UCB Inc. and UCB BioPharma SRL's (together, "UCB") letter concerning Zydus's objections to UCB's request for production no. 14. UCB's request should be denied because the discovery that it seeks is neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly in light of the negligible importance of the discovery in resolving the issues and the burden and expense of the proposed discovery.

  From the beginning of this case, the parties have expressed a shared interest in streamlining the issues, reducing costs, and expediting trial of this matter. To that end, Zydus stipulated to infringement of claims 1-5 of U.S. Patent No. 6,922,461, and UCB limited the discovery that it would seek. (D.I. 91.) And, more importantly, the parties stipulated to not assert or seek discovery on commercial success or lack thereof and to not seek or limit discovery on other secondary considerations, (D.I. 156.), which is the only example of relevance found in the authority UCB points to in support of the broad discovery it seeks. (D.I. 188 at 3 citing *Reckitt Benckiser Pharm. Inc. v. Dr. Reddy's Labs. S.A.*, C.A. No. 14-1451-RGA, 2017 WL 3837312, at *19–20 (D. Del. Aug. 31, 2017) (addressing relevance of internal documents to "praise" of the purported invention).)

  As a result of the parties' agreements, Zydus's document collection and production has been narrow and focused on the issues at hand. But now, UCB seeks to vastly expand the scope of discovery for nothing more than the hope that it might result in some barely (if at all) relevant document, for which there is no evidence of existence. Indeed, UCB's request is vastly overbroad, asking this Court to order Zydus to search the entire company's records for "[*a*]*ll* documents and things *concerning or forming the basis of any* studies, evaluations, or opinions *concerning* the scope, validity, or enforceability of the '461 Patent." (D.I. 188, Ex. B (emphasis

The Honorable Jennifer L. Hall
January 14, 2022
Page 2

added)). This despite the fact that Zydus has already produced its invalidity contentions and will soon produce its expert reports on the same topic. As UCB cannot credibly contest, any evaluations or opinions rendered in conjunction with the creation of those documents or in consultation with its counsel on drafting of Zydus's paragraph IV notice letter would plainly be privileged.

On a meet and confer to discuss this request, counsel for UCB imagined that perhaps a chemist working for Zydus had come to the conclusion that the '461 patent is valid and created a non-privileged document discussing that opinion. It is unclear why UCB believes that Indian chemists might be opining on the validity of U.S. patents, what would qualify that chemist to do so, and if such a document did exist, what minimal relevance such a lay opinion could have on the actual issues in this case. And, as noted above, UCB makes no effort to identify exactly what the relevance of this information would be, particularly in a case concerning a compound patent where several secondary considerations are not asserted and where the mere filing of an ANDA, with or without a paragraph IV certification, cannot supply the basis for a finding of willful infringement. *Glaxo Group, Ltd. v. Apotex, Inc.*, 376 F.3d 1339, 1350 (Fed. Cir. 2004). UCB has good reason for omitting any justification for why it needs this information to support its claims—it has none. The only defenses at issue in this action will be decided by the Court as a matter of law based on the Court's evaluation of claim scope and the prior art in light of the testimony of experts at trial. *Rockstar Consortium US LP v. Google Inc.*, No. 14-91322-FDS, 2015 WL 5972422, at *6 (D. Mass. Oct. 14, 2015) (finding that the validity of patents involve questions of law determined by the district courts and subpoena respondent's "internal patent validity assessments, if they even existed, would not affect the courts' determinations, nor would a court likely even consider them.")

UCB's citation to *Reckitt Benckiser Pharm. Inc. v. Dr. Reddy's Labs. S.A.*, betrays the striking overbreadth and burdensome nature of its request. C.A. No. 14-1451-RGA, 2017 WL 3837312, at *19–20 (D. Del. Aug. 31, 2017). UCB cites this case for "the types of documents" that it seeks, in that case an internal memorandum that allegedly praised the purported invention. *Id.* If those are the documents that UCB seeks, it would require Zydus to conduct a wholesale ESI search of every document in the company's possession mentioning Briviact or brivaracetam or the '461 patent in the hopes that one might have some secondary bearing on validity. This despite the fact that the parties' agreed to limit discovery to avoid such broad, costly, and unnecessary searches and reviews.

UCB also confuses the results in *Boldstar Tech. v. Home Depot, U.S.A. Inc.*, with this case. Zydus does not rely on a "mere statement that the request or interrogatory is 'overly broad, burdensome, oppressive, or irrelevant,'" and as noted above has already stipulated to infringement and provided invalidity contentions. No. 07-80435, 2008 WL 11320007, at *7 (S.D. Fla. June 5, 2008). Moreover, unlike the plaintiff in *Boldstar*, UCB seeks to have Zydus, a multinational corporation, conduct a company-wide ESI search for every document mentioning the '461 patent or the alleged invention claimed therein. *See id.* UCB cannot seriously be positing that such a burden is proportional based on a theory that a scientist at Zydus might have conducted some analyses outside of their daily duties. *In re Bard IVC Filters Prod. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016) (" Relevancy alone is no longer sufficient—discovery must also be proportional to the needs of the case.").

The Honorable Jennifer L. Hall
January 14, 2022
Page 3

    Equally unhelpful to UCB, in *CyDex Pharm., Inc. v. Teva Pharm. USA, Inc.*, the discovery ordered was customer-identifying sales data that CyDex argued was duplicative of information already produced. C.A. No. 17-1832-LPS-JLH, D.I. 108 (D. Del. Aug. 19, 2019) (attached as Ex. 1). The remaining California case that UCB cites does not support the relief it seeks: an unbounded search of a company's documents for hypothetical (and highly unlikely) lay opinion evidence. Rather, *Limestone Memory Sys. LLC v. Micron Tech., Inc.*, is an opinion entirely about an assertion of attorney-client privilege and work product over specifically identified documents. No. CV-15-0278, D.I. 218, at 9–12 (C.D. Cal. June 10, 2019). It contains no discussion at all about the discoverability of hypothetical documents.

    Because the discovery that UCB seeks is neither relevant to any party's claim or defense nor proportional to the needs of the case, particularly in light of the miniscule importance of the discovery in resolving the issues and the burden and expense of the proposed discovery, Zydus respectfully requests that the Court deny UCB's sought-after relief.

                                                    Respectfully submitted,

                                                    Pilar G. Kraman (No. 5199)

Enclosure

cc:    Clerk of the Court (via CM/ECF and hand delivery)
        All Counsel of Record (via CM/ECF and electronic mail)