IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UCB, INC. and UCB BIOPHARMA SRL, <br><br> Plaintiffs, <br><br> v. <br><br> ANNORA PHARMA PRIVATE LIMITED, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) C.A. No. 20-987 (CFC) (JLH) ) ) ) ) ) ) |

<u>[~~PROPOSED~~] FINAL JUDGMENT</u>

WHEREAS Defendant Annora Pharma Private Limited ("Annora") filed Abbreviated New Drug Application No. 214831 ("ANDA No. 214831") seeking approval from the U.S. Food and Drug Administration ("FDA") to engage in the commercial manufacture, use, and sale of 10 mg, 25 mg, 50 mg, 75 mg, and 100 mg brivaracetam tablets ("Annora's ANDA Product") prior to the expiration of U.S. Patent No. 6,911,461 (the "'461 Patent");

WHEREAS Defendants Apotex Inc. and Apotex Corp. (collectively, "Apotex") filed Abbreviated New Drug Application No. 214875 ("ANDA No. 214875") seeking approval from the FDA to engage in the commercial manufacture, use, and sale of 10 mg, 25 mg, 50 mg, 75 mg, and 100 mg brivaracetam tablets ("Apotex's ANDA Product") prior to the expiration of the '461 Patent;

WHEREAS Defendants MSN Laboratories Private Limited and MSN Pharmaceuticals Inc. (collectively, "MSN") filed Abbreviated New Drug Application Nos. 214921 ("ANDA No. 214921"), 214922 ("ANDA No. 214922"), and 214924 ("ANDA No. 214924") seeking approval from the FDA to engage in the commercial manufacture, use, and sale of 10 mg, 25 mg, 50 mg, 75 mg, and 100 mg brivaracetam tablets, 10 mg/ml oral solution, and 50 mg/ml intravenous solution ("MSN's ANDA Products") prior to the expiration of the '461 Patent;

WHEREAS the Court held a four-day bench trial on November 14–18, 2022.

WHEREAS on August 16, 2023, the Court issued its Opinion (D.I. 246) and Order (D.I. 247) finding that Claim 5 of the '461 Patent is infringed and not invalid;

WHEREAS before trial, U.S. Patent No. 6,784,197 and U.S. Patent No. 8,492,416 expired (collectively the "Expired Patents");

IT IS HEREBY ORDERED AND ADJUDGED, for the reasons set forth in the August 16, 2023 Opinion, that:

<u>With Respect to Defendant Annora:</u>

1.  Judgment is entered in favor of Plaintiffs and against Annora on Plaintiffs' claim that Annora's filing of ANDA No. 214831 infringed Claim 5 of the '461 Patent and that the commercial manufacture, use, sale or offer for sale in the

United States, or importation into the United States, of Annora's ANDA Product would infringe Claim 5 of the '461 Patent.

2. Judgment is entered in favor of Plaintiffs and against Annora on Annora's counterclaims for invalidity and non-infringement of Claim 5 of the '461 Patent.

3. Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any final approval of Annora's ANDA Products shall be a date that is not earlier than the date of expiration of the '461 Patent and any additional periods of exclusivity to which Plaintiffs have or may become entitled.

4. Pursuant to 35 U.S.C. § 271(e)(4)(B), Annora and each of its officers, agents, servants, employees, successors, and attorneys, and all persons and entities acting in concert or participation with them, are enjoined, until the expiration of the '461 Patent from commercially manufacturing, using, selling or offering for sale in the United States, or importing into the United States, Annora's ANDA Products.

5. Plaintiffs' claims for infringement and Annora's counterclaims for invalidity and non-infringement of the Expired Patents are dismissed as moot.

<u>With Respect to Defendant Apotex:</u>

1. Judgment is entered in favor of Plaintiffs and against Apotex on Plaintiffs' claim that Apotex's filing of ANDA No. 214875 infringed Claim 5 of the

'461 Patent and that the commercial manufacture, use, sale or offer for sale in the United States, or importation into the United States, of Apotex's ANDA Product would infringe Claim 5 of the '461 Patent.

2. Judgment is entered in favor of Plaintiffs and against Apotex on Apotex's counterclaims for invalidity or unenforceability and non-infringement of Claim 5 of the '461 Patent.

3. Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any final approval of Apotex's ANDA Products shall be a date that is not earlier than the date of expiration of the '461 Patent and any additional periods of exclusivity to which Plaintiffs have or may become entitled.

4. Pursuant to 35 U.S.C. § 271(e)(4)(B), Apotex and each of its officers, agents, servants, employees, successors, and attorneys, and all persons and entities acting in concert or participation with them, are enjoined, until the expiration of the '461 Patent from commercially manufacturing, using, selling or offering for sale in the United States, or importing into the United States, Apotex's ANDA Products.

5. Plaintiffs' claims for infringement and Apotex's counterclaims for invalidity or unenforceability and non-infringement of the Expired Patents are dismissed as moot.

<u>With Respect to Defendant MSN:</u>

1. Judgment is entered in favor of Plaintiffs and against MSN on Plaintiffs' claim that MSN's filings of ANDA Nos. 214921, 214922, and 214924 infringed Claim 5 of the '461 Patent and that the commercial manufacture, use, sale or offer for sale in the United States, or importation into the United States, of MSN's ANDA Products would infringe Claim 5 of the '461 Patent.

2. Judgment is entered in favor of Plaintiffs and against MSN on MSN's counterclaims for invalidity or unenforceability and non-infringement Claim 5 of the '461 Patent.

3. Pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any final approval of MSN's ANDA Products shall be a date that is not earlier than the date of expiration of the '461 Patent and any additional periods of exclusivity to which Plaintiffs have or may become entitled.

4. Pursuant to 35 U.S.C. § 271(e)(4)(B), MSN and each of its officers, agents, servants, employees, successors, and attorneys, and all persons and entities acting in concert or participation with them, are enjoined, until the expiration of the '461 Patent from commercially manufacturing, using, selling or offering for sale in the United States, or importing into the United States, MSN's ANDA Products.

5. Plaintiffs' claims for infringement and MSN's counterclaims for invalidity or unenforceability and non-infringement of the Expired Patents are dismissed as moot.

\* \* \*

Any motion for attorneys' fees and/or costs, including but not limited to any motion that this case is exceptional under 35 U.S.C. § 285, or a bill of costs pursuant to D. Del. LR 54.1, shall be considered timely if filed and served within thirty (30) days after the issuance of a mandate from the Federal Circuit, if any appeal is filed, or the time for appeal to the Federal Circuit expires, if no appeal is filed. Any oppositions to any such motion shall be considered timely if filed and served within thirty (30) days after the motion is filed.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | HEYMAN ENERIO GATTUSO & HIRZEL LLP |
| /s/ *Megan E. Dellinger* | /s/ *Dominick T. Gattuso* |
| Jack B. Blumenfeld (#1014)<br>Karen Jacobs (#2881)<br>Megan E. Dellinger (#5739)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899-1347<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>kjacobs@morrisnichols.com<br>mdellinger@morrisnichols.com<br><br>*Attorneys for Plaintiffs UCB, Inc. and UCB Biopharma SRL* | Dominick T. Gattuso (#3630)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 472-7300<br>dgattuso@hegh.law<br><br>*Attorneys for Defendants Apotex Inc. and Apotex Corp., MSN Laboratories Private Limited and MSN Pharmaceuticals, Inc.*<br><br>MORRIS JAMES LLP<br><br>/s/ *Kenneth L. Dorsney*<br><br>Kenneth L. Dorsney (#3726)<br>Cortlan S. Hitch (#6720)<br>500 Delaware Avenue, Suite 1500<br>Wilmington, DE 19801<br>(302) 888-6800<br>kdorsney@morrisjames.com<br>chitch@morrisjames.com<br><br>*Attorneys for Defendant Annora Pharma Private Limited* |

September 5, 2023

SO ORDERED this 12th day of September, 2023

_____
The Honorable Colm F. Connolly
Chief, United States District Court Judge

7